**ALLSTATE INSURANCE COMPANY**

v.

**Ronald POGORILICH et al.**

No. 91–451–A.

Supreme Court of Rhode Island.

April 14, 1992.

John H. Blish, Blish & Cavanagh, Providence, for plaintiff.

Dennis S. Baluch, Baluch, Mahoney & Gianfrancesco, Providence, for defendants.

OPINION

WEISBERGER, Justice.

This case comes before us on the basis of two certified questions from the Superior Court after the parties filed a stipulated set

of facts in accordance with the provisions of G.L.1956 (1985 Reenactment) § 9–24–25. The questions certified by the Superior Court are set forth as follows:

"A. Is the single 'each person' limit of uninsured/underinsured motorists coverage (coverage SS) under the policy, or $200,000, the maximum amount recoverable by Ronald and Marion [Pogorilich] from Allstate where Marion did not sustain a bodily injury in the accident, and Marion's loss of consortium claim merely arises out of bodily injury to Ronald?

"B. Does the policy provide for an award of prejudgment interest to defendants where the total award will exceed the policy's uninsured/underinsured motorists limits, or, in the alternative, if interest in excess of said limits can be awarded, must it be based on no greater a sum than the limits of coverage provided, and must it be limited to the period from which Allstate first was required to make payment to defendants under the policy?"

The facts as disclosed in the stipulation are as follows.

Ronald Pogorilich (Ronald) was seriously injured in an automobile accident in which, while driving a vehicle covered under a policy issued by Allstate Insurance Company (Allstate), he collided with an automobile owned and operated by Michelle Dow (Dow). The accident occurred on May 22, 1986.

Thereafter Ronald asserted a claim for negligence against Dow who was insured under an automobile-liability insurance policy issued by Peerless Insurance Company (Peerless). The claim was settled by payment of the full limits of coverage by Peerless in the amount of $100,000. Marion Pogorilich (Marion) was not in the automobile with Ronald at the time of the accident but asserted a claim for loss of consortium. The settlement agreement with Peerless allocated $98,006 for Ronald's personal injury claim, $1,000 for Marion's loss of consortium, and $994 for property damage.

At all times pertinent to this litigation, Ronald and Marion were insured under an automobile-liability insurance policy issued by Allstate that provided coverage for two automobiles and contained "stacked" limits of $200,000 for "each person" and $600,000 for "each accident" in the following words:

"The coverage limit shown on the declarations page for:

1. 'each person' is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident.

2. 'each accident' is the total limit for all damages arising out of bodily injury to two or more persons in any one motor vehicle accident. This limit is subject to the limit for 'each person.'

3. 'each accident' is the total limit for all damages arising out of injury to or destruction of all property of one or more persons in any one motor vehicle accident."

Part V of the policy (coverage SS) also provides that Allstate will pay damages for bodily injury or property damage that an insured person is legally entitled to recover from the owner or operator of an uninsured auto. The policy defines "insured persons" as follows:

"1. You and any resident relative.

"2. Any person while in, on, getting into or out of an insured auto with your permission.

"3. Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto with your permission."

Allstate, Ronald, and Marion submitted to arbitration the question of the amount of damages that Ronald and Marion were entitled to recover from Dow, the tortfeasor. By an award of the arbitrators dated January 2, 1990, it was determined that Ronald sustained damage by reason of his bodily injury in the sum of $337,198 and would have been entitled to recover that sum from the tortfeasor plus interest thereon from the date of the accident at the rate of 12 percent per annum. The arbitrators further determined that Marion sustained damages by reason of her loss of consortium in the sum of $60,000 and would have been entitled to recover that sum from the

tortfeasor plus interest thereon from the date of the accident at the rate of 12 percent per annum.

Thereafter, on February 14, 1990, Allstate paid to Ronald and Marion the sum of $200,000 under the uninsured/underinsured motorist coverage of the policy. In accepting the $200,000, Ronald and Marion expressly reserved their rights to pursue their claim for interest awarded by the arbitrators in excess of the policy limits and also Marion's claim for loss of consortium together with interest on the loss of consortium claim.

■ Allstate contends that the "each person" limit of uninsured/underinsured motorist coverage under the policy, or $200,000, was the maximum amount recoverable by Ronald and Marion from Allstate under the policy. However, Ronald and Marion contend that the "each accident" limit of uninsured/underinsured motorist coverage under the policy, or $600,000 (subject to the $200,000 limit for "each person"), was the maximum amount recoverable by Ronald and Marion from Allstate under the policy. In addition Ronald claims that he is entitled to recover interest from Allstate from the date of the accident at the rate of 12 percent per annum on the sum of $239,192 (which is derived by subtracting from the total award Ronald would have recovered from the tortfeasor, Dow, namely $337,198, the amount paid to him by Peerless in the sum of $98,006). Similarly Marion claims that she is entitled to recover interest from Allstate from the date of the accident at the rate of 12 percent per annum on the sum of $59,000 (which is derived by subtracting from the total award Marion would have recovered from the tortfeasor, Dow, namely $60,000, the amount paid to her by Peerless, namely $1,000).

In opposing these claims, Allstate contends that the policy does not provide for an award of interest in excess of the policy limits in respect to uninsured/underinsured motorist coverage. In order to resolve the dispute concerning limits of coverage Allstate filed a complaint for declaratory judgment in the Superior Court on May 10, 1991. The parties then filed a set of stipulated facts, and a justice of the Superior Court certified the question of interpretation of this policy to this court.

■ We are of the opinion that the policy language in this case is clear and unambiguous. Part V of the policy provides uninsured/underinsured motorist coverage with "stacked" limits of $200,000 for "each person." The term "each person" is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident. It is undisputed that in the case at bar Ronald was the only person who suffered bodily injury in the motor vehicle accident with Dow. Although Marion was entitled to bring an action for loss of consortium against Dow, her action was derivative and could not be construed as an independent action for bodily injury. A number of courts that have considered similar factual situations have concluded that the loss of consortium claim is derived from the bodily injury suffered by the spouse and is not truly independent but rather derivative and attached inextricably to the claim of the injured spouse. Cases that have so held are legion, but we shall cite an illustrative list of cases so holding: *Weekley v. State Farm Mutual Automobile Insurance Co.*, 537 So.2d 477 (Ala. 1989); *Stillman v. American Family Insurance*, 162 Ariz. 594, 785 P.2d 114 (1990); *Izzo v. Colonial Penn Insurance Co.*, 203 Conn. 305, 524 A.2d 641 (1987); *Creamer v. State Farm Mutual Automobile Insurance Co.*, 161 Ill.App.3d 223, 112 Ill.Dec. 748, 514 N.E.2d 214 (1987); *Richie v. American Family Mutual Insurance Co.*, 140 Wis.2d 51, 409 N.W.2d 146 (1987). All the foregoing cases concluded that the "each person" policy limit would apply even though other derivative claims such as loss of consortium could have been made against the tortfeasor.

■ We are persuaded by the foregoing cases and also by a recent case decided by the Supreme Judicial Court of Massachusetts in *Santos v. Lumbermens Mutual Casualty Co.*, 408 Mass. 70, 556 N.E.2d 983 (1990), that when policy language is clear and unambiguous in limiting the

claim for bodily injuries to any one person, such limitation of coverage should be enforced and conclusive as between the parties. Compare *Bilodeau v. Lumbermens Mutual Casualty Co.,* 392 Mass. 537, 467 N.E.2d 137 (1984), where the policy language was interpreted otherwise. In the case at bar the policy language was clear and unambiguous and limits to the sum of $200,000 the recovery arising out of the bodily injury to one person. Consequently Ronald is entitled to recover the difference between that which was paid by Peerless for his bodily injury and his total bodily injury damages up to a maximum of $200,000. Marion cannot recover any additional sum for her loss of consortium.

In respect to prejudgment interest, we are of the opinion that the principles enunciated in *Martin v. Lumbermen's Mutual Casualty Co.,* 559 A.2d 1028 (R.I. 1989), are controlling. An uninsured/underinsured motorist policy limit may not be expanded to include prejudgment interest even though the injured party may be entitled to recover such prejudgment interest from the tortfeasor.

Ronald and Marion argue that our holding in *Sentry Insurance Co. v. Grenga,* 556 A.2d 998 (R.I.1989), recognizes the authority of arbitrators to award prejudgment interest in excess of the policy limits. Although this holding is accurately reported, it is not applicable to the award of the arbitrators in the case at bar. In the present case the arbitrators were not requested to determine, nor did they purport to determine, the amount of recovery to which Ronald and Marion were entitled from Allstate. The questions propounded to the arbitrators by the parties in this case, and the questions that the arbitrators answered, concerned the amounts Ronald and Marion were entitled to recover from the tortfeasor, Dow. The arbitrators answered these questions by stating the amounts Ronald and Marion were entitled to recover from Dow because of Ronald's bodily injuries and Marion's loss of consortium. The arbitrators further stated that Ronald and Marion were entitled to recover prejudgment interest from Dow. The award

in its entirety is set forth in the stipulation of facts, paragraphs 10 and 11. The arbitrators did not purport in any way to determine the amounts that might be due from Allstate to Ronald and Marion. Consequently our holding in *Sentry* is not applicable in determining the question of prejudgment interest in the instant case.

Our holding in *Martin v. Lumbermen's Mutual Casualty Co., supra,* is controlling here. The amount that may have been due and owing from the tortfeasor to the injured parties, including prejudgment interest, can only require payment under the uninsured/underinsured motorist policy coverage to the limits stated in the policy—in the present case up to and not exceeding $200,000.

For the reasons stated, question A must be answered by the statement that Allstate is responsible only for the payment of $200,000 to Ronald and said amount is not increased by the loss of consortium claim of Marion since that claim is derivative and merely arises out of bodily injury to Ronald.

Question B should be answered in the negative since Ronald and Marion are not entitled to an award of prejudgment interest in excess of the policy's uninsured/underinsured motorist limits.

The papers in the case may be remanded to the Superior Court for entry of judgment in accordance with this opinion.