Robert VANCLEEF

v.

John NAVILLIAT and Travelers Insurance Company.

No. 92–182–Appeal.

Supreme Court of Rhode Island.

March 18, 1993.

Stephen Nugent, Providence, for plaintiff.

Kevin Cain, Kathryn Perrotta, David Maglio, Morrison, Mahoney & Miller, Providence, for defendants.

OPINION

PER CURIAM.

This case came before this court for oral argument on March 1, 1993, pursuant to an order directed to both parties to appear and show cause why we should not summarily decide the issues raised by the appeal of the plaintiff, Robert VanCleef. After hearing the arguments and reviewing the memoranda of counsel, we believe the parties failed to show cause.

The facts in this case are not in dispute. The plaintiff is the husband of Debra Van-Cleef, who was struck and injured by an automobile driven by defendant John Navilliat (Navilliat). At the time of the accident, Travelers Insurance Company (Travelers) provided insurance coverage to Navilliat with a liability limit of $100,000 per person and $300,000 per occurrence. Robert Van-Cleef then filed a claim against Navilliat for loss of consortium and demanded that Travelers pay him $200,000 under the per-occurrence clause of the insurance policy. Travelers denied the claim, and plaintiff then filed a declaratory-judgment action, seeking to have the Superior Court construe plaintiff's insurance policy. The trial justice granted summary judgment on behalf of Travelers.

We believe the trial justice was correct in granting summary judgment on behalf of Travelers. The facts in this case are undisputed. The sole legal issue is whether a claim for loss of consortium is covered by the per-person limitation in the insurance policy or the per-occurrence limitation in the insurance policy.

We addressed this precise question in *Allstate Insurance Co. v. Pogorilich*, 605 A.2d 1318 (R.I.1992). In *Pogorilich* the

plaintiff obtained the full liability limit from the plaintiff's insurance carrier following an automobile accident. *Id.* at 1320. The plaintiff's wife then filed a loss-of-consortium claim based on the uninsured/underinsured-motorist clause of the insurance policy, which limited recovery to $200,000 per person and $600,000 per accident. We stated that "[a] loss of consortium claim is derived from the bodily injury suffered by the spouse and is not truly independent but rather derivative and attached inextricably to the claim of the injured spouse." *Id.* We held in *Pogorilich* that since only one spouse was injured in the accident, the plaintiff was subject to the per-person limitation of the insurance contract. *Id.* at 1321.

*Pogorilich* controls this case. It is undisputed that Debra VanCleef is the only plaintiff who suffered bodily injury in the actual accident. Because the plaintiff's loss-of-consortium claim is derivative to Debra VanCleef's claim, the plaintiff is subject to the $100,000 per-person liability limit.

For these reasons we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court.