## PAWTUCKET MUTUAL INSURANCE CO.

v.

## James V. MARTIN.

No. 93–578–Appeal.

Supreme Court of Rhode Island.

Nov. 23, 1994.

Kevin S. Cotter, Richard A. VanTienhoven, VanTienhoven & Cotter, Providence, for plaintiff.

Daniel V. McKinnon, McKinnon & Harwood, Pawtucket, John A. Macfayden, III, Providence, for defendant.

### OPINION

PER CURIAM.

This case came before the court for oral argument November 2, 1994, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. The issues raised will be decided summarily.

The defendant, James V. Martin, appealed from a judgment entered in the Superior Court that held that he was not entitled to seek arbitration against Pawtucket Mutual Insurance Company (Pawtucket), in light of the fact that Pawtucket had offered the policy limit of $300,000 before the arbitration hearing had begun.

Under our decision in *Allstate Insurance Co. v. Pogorilich,* 605 A.2d 1318 (R.I.1992), the policy limits of an uninsured-motorist policy may not be expanded to include prejudgment interest even though the injured party may be entitled to recover such prejudgment interest from the tortfeasor. Thus, defendant was not entitled to receive any more from Pawtucket than the amount of the policy limit, which had already been offered to him. Even if he had gone to arbitration, the policy limit would apply to preclude the award of prejudgment interest as against the insurance company.

Consequently the defendant's appeal is denied and dismissed. The judgment entered in the Superior Court is affirmed.