May 19, 2026

**Supreme Court**

No. 2025-175-Appeal.
(PC 24-4703)

GEICO General Insurance Company　　:

v.　　　　　　　　　　　　:

Fama Diop et al.　　　　　　:

NOTICE:　This opinion is subject to formal revision before publication in the Rhode Island Reporter.　Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

GEICO General Insurance Company     :

v.                  :

Fama Diop et al.            :

Present: Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** The defendant and counterclaim plaintiff, Fama Diop (defendant or Ms. Diop), appeals from a judgment of the Superior Court in favor of the plaintiff and counterclaim defendant, GEICO General Insurance Company (plaintiff or GEICO), in GEICO's declaratory judgment action seeking to establish its rights and obligations under an automobile insurance policy. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this case without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

- 1 -

## Facts and Procedural History

The facts in this case are not in dispute. On January 24, 2023, Ms. Diop's husband, Papa Ndoye (Mr. Ndoye), died after another vehicle collided with his. The driver, a minor at the time of the accident, was covered under an automobile insurance policy issued by GEICO to his mother, Marie Gill. Following Mr. Ndoye's death, and after first sending a demand letter to GEICO for settlement, Ms. Diop filed a wrongful death action against Ms. Gill and her son as administratrix of Mr. Ndoye's estate. That case remains ongoing in the Superior Court.

GEICO then filed this declaratory judgment action against Ms. Diop, Ms. Gill, and her son in order to determine its rights and obligations under the automobile insurance policy issued to Ms. Gill. The relevant policy language reads in full:

> "**LIMITS OF LIABILITY**
>
> "Regardless of the number of *autos* or *trailers* to which this policy applies:
>
> "1. The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.
>
> "2. The limit of such liability stated in the declarations as applicable to 'each occurrence' is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care

and loss of services, because of ***bodily injury*** sustained by two or more persons as the result of any one occurrence.

"3. The limit of property damage liability stated in the declarations is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence."

The policy coverage for bodily injury liability was $50,000 for each person and $100,000 for each occurrence.

GEICO's declaratory judgment complaint asked the Superior Court to find that, under the insurance policy, "a maximum of $50,000 in coverage [is] available for any and all claims asserted by the defendant Fama Diop" in her wrongful death action. Ms. Diop responded by filing an answer and counterclaim requesting that the court "[o]rder and declare that Plaintiff GEICO pay to Defendant Diop the minimum [d]amages as set forth in [G.L. 1956 §] 10-7-1 et[] seq., [i.e.], $250,000.00," the Death by Wrongful Act statute.

After answering Ms. Diop's counterclaim, GEICO moved for summary judgment, asserting that *Allstate Insurance Company v. Pogorilich*, 605 A.2d 1318 (R.I. 1992), controls because Rhode Island law is clear that loss-of-consortium claims are derivative of bodily injury claims and thus included in the "each person" limit (here, $50,000). Ms. Diop filed an objection to GEICO's motion without filing a memorandum. She then filed a motion for summary judgment on her counterclaim on the grounds that because GEICO rejected her request for damages in the demand

- 3 -

letter, GEICO assumed the risk of judgment in excess of the policy limits. GEICO objected to Ms. Diop's motion for summary judgment on her counterclaim, restating its arguments from its own memorandum in support of its motion for summary judgment.

A justice of the Superior Court heard arguments on the motions for summary judgment on February 26, 2025, before announcing his decision from the bench. He observed that *Pogorilich*, in which this Court held that the "'each person' [amount] is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident," was controlling in this case. *Pogorilich*, 605 A.2d at 1320. He also cited *VanCleef v. Navilliat*, 622 A.2d 442 (R.I. 1993), *Amica Mutual Insurance Co. v. Jorge*, 632 A.2d 341 (R.I. 1993), and *Horton v. United States Automobile Association*, 604 A.2d 784 (R.I. 1992), from this Court that all referenced *Pogorilich* as authoritative. He noted that this Court, in reaching its decision in *Pogorilich*, relied on *Santos v. Lumbermens Mutual Casualty Company*, 556 N.E.2d 983 (Mass. 1990), in holding that "when policy language is clear and unambiguous in limiting the claim for bodily injuries to any one person, such limitation of coverage should be enforced and conclusive as between the parties." *Pogorilich*, 605 A.2d at 1320-21. The trial justice also remarked that *Pogorilich* held that a "loss of consortium claim is derived from the bodily injury suffered by the spouse and is not truly independent, but rather derivative, and attached

- 4 -

inextricably to the claim of those of the injured spouse" such that a loss-of-consortium claim applies to the "each person" policy limit.

The trial justice found the language in GEICO's insurance policy to be clear and unambiguous, "clearly indicat[ing] that the each-person limit under the policy applies and that the corresponding $50,000 policy limit only applies to Mr. Ndoye as he was the only person who suffered bodily injury." Because neither Ms. Diop nor her children were in the car during the accident, the trial justice concluded that they can only recover through their loss-of-consortium claims, which are derived from Mr. Ndoye's bodily injury. Furthermore, because Ms. Diop's wrongful death action was still pending, the trial justice declined to rule on whether the Death by Wrongful Act statute applied in this case, emphasizing that this case is about "the interpretation of the insurance policy's language and the contract between the parties."

The trial justice granted GEICO's motion for summary judgment because the policy language "indicates that [the] each-person limit applies to each person involved in the accident and sustaining bodily injury as a result." He also denied Ms. Diop's motion for summary judgment on her counterclaim without prejudice

pending the outcome of the wrongful death action. After the trial justice entered judgment for GEICO, Ms. Diop timely appealed to this Court.

## Standard of Review

This Court reviews the grant of a motion for summary judgment *de novo*. *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023). In doing so, this Court utilizes "the same standards and rules used by the trial justice." *DeCurtis v. Visconti, Boren & Campbell Ltd.*, 252 A.3d 765, 770 (R.I. 2021) (brackets omitted) (quoting *Jessup & Conroy, P.C. v. Seguin*, 46 A.3d 835, 838 (R.I. 2012)). The question upon reviewing the grant of summary judgment is, in viewing the evidence in the light most favorable to the nonmoving party, whether "there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law * * *." *Commerce Park Realty, LLC v. HR2-A Corp.*, 253 A.3d 1258, 1266 (R.I. 2021) (quoting *Moore v. Rhode Island Board of Governors for Higher Education*, 18 A.3d 541, 544 (R.I. 2011)). If so, then this Court will affirm the judgment of the trial court. *Id.* The party opposing the motion for summary judgment "cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *DeCurtis*, 252 A.3d at 770 (quoting *Credit Union Central Falls v. Groff*, 966 A.2d 1262, 1267 (R.I. 2009)).

- 6 -

**Analysis**

We consider whether the trial justice erred in declaring that the insurance policy limited Ms. Diop's recovery to the $50,000 per-person amount rather than the $100,000 per-accident amount. Because there are no issues of disputed fact, the question is whether the law supports GEICO's position such that it is entitled to judgment as a matter of law. After reviewing the record and the relevant caselaw, we conclude that the trial justice correctly determined that *Pogorilich* controls and properly granted GEICO's motion for summary judgment.

On appeal, Ms. Diop argues that the trial justice erred in finding that the insurance policy limits her recovery to the $50,000 per-person amount rather than the $100,000 per-accident amount. She also contends that this Court should view the entire case as an action based on the Death by Wrongful Act statute and not as a "derivative" action. She claims that *Pogorilich* is inapposite because it was a common law personal injury case rather than an independent wrongful death action and avers that *Santos*, which references the Massachusetts wrongful death statute, supports her position because the insurance company paid the per-accident amount to the claimant. She also distinguishes the other cases cited by the trial justice— *VanCleef*, *Jorge*, and *Horton*—by noting that, unlike her, those claimants were all policyholders trying to recover under their own policies. She asks this Court to

overturn the decision of the Superior Court granting GEICO's motion for summary judgment and denying her own.

In *Pogorilich*, this Court answered the following certified question from the Superior Court: "Is the single 'each person' limit of uninsured/underinsured motorists coverage * * *, or $200,000, the maximum amount recoverable by [claimants] from Allstate [for one occurrence] where [the wife] did not sustain a bodily injury in the accident, and [her] loss of consortium claim merely arises out of bodily injury to [her husband]?" *Pogorilich*, 605 A.2d at 1319. *Pogorilich* considered a spousal loss-of-consortium claim following a car accident in which only the husband was involved and injured. *Id.* After reviewing the language of the insurance policy, this Court concluded: "The term 'each person' is the total limit for all damages arising out of bodily injury to one person in any one motor vehicle accident." *Id.* at 1320. This Court emphasized that in a case where only one spousal partner was involved in the accident, "an action for loss of consortium against [a driver] * * * [is] derivative and could not be construed as an independent action for bodily injury." *Id.* The Court therefore limited the recovery to the "each person" amount under the insurance policy. *Id.* at 1321. In reaching this decision, this Court noted that a number of other state high courts had similarly held that a "loss of consortium claim is derived from the bodily injury suffered by the spouse and is not

truly independent but rather derivative and attached inextricably to the claim of the injured spouse." *Id.* at 1320.

The *Pogorilich* Court cited with approval *Santos*, a Massachusetts case that similarly involved a loss-of-consortium claim following an automobile accident. *Santos*, 556 N.E.2d at 984-85. Although Ms. Diop correctly notes that *Santos* was a wrongful death action, this Court cited *Santos* for the notion that "when policy language is clear and unambiguous in limiting the claim for bodily injuries to any one person, such limitation of coverage should be enforced and conclusive as between the parties." *Pogorilich*, 605 A.2d at 1320-21. The *Santos* decision does not discuss the specific policy language at issue, however, and contrary to what Ms. Diop seems to argue, the Supreme Judicial Court did not conclude that the case stands for the proposition that policy language applies only to policyholders.

It is apparent from our caselaw that *Pogorilich* applies here. Although Ms. Diop attempts to distinguish a personal injury action based on common law principles (such as *Pogorilich*) from a wrongful death action based on a statute (as here), she points to no conclusive authority that supports the idea that this case should be treated differently from *Pogorilich*. Indeed, her discussion of *Santos* is unpersuasive. The *Pogorilich* Court cited *Santos* with approval and did not attempt to distinguish between a wrongful death action and a personal injury action, at least

- 9 -

as it related to its treatment of loss-of-consortium claims based on clear and unambiguous policy language. *Pogorilich*, 605 A.2d at 1320-21.

"This Court interprets the terms of an insurance policy according to the same rules of construction governing contracts." *Town of Cumberland v. Rhode Island Interlocal Risk Management Trust, Inc.*, 860 A.2d 1210, 1215 (R.I. 2004). "We look at the four corners of a policy, viewing it 'in its entirety, affording its terms their plain, ordinary and usual meaning.'" *Id.* (quoting *Casco Indemnity Co. v. Gonsalves*, 839 A.2d 546, 548 (R.I. 2004)). "We will not deviate from the literal policy language unless we deem the policy to be ambiguous." *Id.*

The policy language is clear. The "each person" provision reads: "The limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of our liability for all damages, *including damages for care and loss of services*, because of **bodily injury** sustained by one person as the result of one occurrence." (Emphasis added.) The "each occurrence" provision reads: "The limit of such liability stated in the declarations as applicable to 'each occurrence' is * * * the total limit of our liability for all such damages, including damages for care and loss of services, because of **bodily injury** *sustained by two or more persons * * *.*" (Emphasis added.) The policy language here mirrors that of *Pogorilich*, and Ms. Diop's citations to *Santos* (in which, she argues, the claimants received the "per accident" amount) miss the mark. The policy language at issue does not distinguish

- 10 -

between the policyholders and a person injured by someone covered by the policy. As such, Ms. Diop's argument that the cases cited by the trial justice are inapplicable is also unavailing. We therefore hold that the trial justice correctly granted GEICO's motion for summary judgment on its complaint.

In Ms. Diop's Article I, Rule 12A Statement, she writes that she "seeks relief under her Motion for Summary Judgment in the Declaratory Judgment Action." Inasmuch as this can be interpreted as seeking review of the trial justice's decision to deny her motion for summary judgment on her counterclaim, she advances no argument in support of overturning this decision. This issue is therefore waived, and we will not address it. *See Horton v. Portsmouth Police Department*, 22 A.3d 1115, 1130 (R.I. 2011) ("Simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." (quoting *Kaveny v. Town of Cumberland Zoning Board of Review*, 875 A.2d 1, 10 (R.I. 2005))).

## Conclusion

Because we hold that *Pogorilich* is fully controlling, and because the language in the GEICO policy makes clear that a claim for loss of consortium is derivative if the claimant was not directly involved in the accident, the maximum Ms. Diop can

recover under Ms. Gill's insurance policy is $50,000. We therefore affirm the Superior Court judgment in favor of the plaintiff and remand the record in this case.

Justice Goldberg did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | GEICO General Insurance Company v. Fama Diop et al. |
| **Case Number** | No. 2025-175-Appeal. (PC 24-4703) |
| **Date Opinion Filed** | May 19, 2026 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Christopher K. Smith |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Mark P. Dolan, Jr., Esq. <br> For Defendant: <br><br> Richard E. Kyte, Esq. |