**Domenic MURINO, Jr.**

v.

**PROGRESSIVE NORTHERN INSURANCE COMPANY.**

No. 2000–219–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 2001.

Ronald J. Resmini, Barrington, James W. Tobak, Providence, for Plaintiff.

Robert J. Quigley, Jr., Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

In this case, we review a judgment modifying an arbitration award. The plaintiff, Domenic Murino, Jr., contends that the hearing justice erred in finding that the defendant, Progressive Northern Insurance Company (Progressive), was not liable for prejudgment interest in excess of the uninsured/underinsured motorist (UM) coverage limits of the plaintiff's policy.

### Facts

On April 29, 1997, the plaintiff was involved in an automobile accident with William Janus. The plaintiff made a claim against Janus and received the limit of Janus's insurance coverage in the amount of $20,000. The plaintiff then made a claim against Progressive, his own insurance company, for UM benefits. After a period of negotiation, both sides agreed to submit the claim to arbitration. The arbitrator granted the plaintiff an award of $116,868.62, which included $95,000 in compensatory damages and $21,868.62 in prejudgment interest. The arbitrator set off the $20,000 payment from Janus's insurance company and a $1,007.68 payment for medical expenses, making the plaintiff's total net award $95,860.94.

Thereafter, the plaintiff filed a petition in Superior Court to confirm the arbitrator's award. The defendant in that proceeding contended that its liability was fixed by the insurance contract, which limited its UM coverage to $50,000, that it had paid the plaintiff $50,000 and refused to pay the remainder of the arbitrator's award, which included prejudgment interest. The defendant had also counterclaimed for a declaration of its rights under the policy and contended that its total liability to the plaintiff was limited to the $50,000 limit contained in its UM policy provision.

In a bench decision issued on January 24, 2000, the hearing justice agreed with the defendant's position and declared pursuant to the insured's UM policy that the insurer's liability was limited to $50,000, that the defendant had satisfied its obligation to the plaintiff by its $50,000 payment to him, and that the defendant had no further liability to the plaintiff. The plaintiff appeals.

### Analysis

The issue before us is whether it is appropriate for an arbitrator to award prejudgment interest in excess of the UM motorist coverage limits of a plaintiff's policy. As this Court has noted, the answer to that question depends upon the specific nature of the matter submitted to the arbitrator, and in this particular case, that matter concerned only the amount that the

plaintiff was entitled to recover from the defendant UM carrier.

In *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935, 937 (R.I. 1983), we decided that "arbitrators should add prejudgment interest to their awards unless the parties specifically provide otherwise by agreement." We later noted that the imposition of interest in arbitration matters should be addressed to the arbitrators, and "we shall accord the finding made in this area by an arbitrator or arbitrators the same deference that we have given to them in the past." *Mangiacapra v. Sentry Insurance Co.*, 517 A.2d 1041, 1042 (R.I.1986).

In *Sentry Insurance Co. v. Grenga*, 556 A.2d 998, 998 (R.I.1989), the plaintiff, who was injured in a car accident, settled his claim with the tortfeasor and then sought arbitration of his claim against his own insurance company for UM benefits. The defendant insurance company was granted a stay of the arbitration proceedings so as to seek a declaratory judgment relative to the rights, status, and legal obligations of the parties. *Id.* This Court vacated the stay and held that "[i]n this jurisdiction an arbitrator has the authority to award prejudgment interest in excess of the policy limits" when the only matter presented to the arbitrator is the amount that the insured is entitled to collect from his UM carrier. *Id.* at 1000.

Later, in *Allstate Insurance Co. v. Pogorilich*, 605 A.2d 1318, 1319 (R.I.1992), this Court was presented with the question of determining whether the plaintiffs' UM coverage permitted an award of prejudgment interest in excess of policy limits. In *Pogorilich*, the arbitrators were asked to determine the amount that the plaintiffs were entitled to receive from the defendant tortfeasor rather than the amount that might be due to the plaintiffs from their own insurance company, as was the case in *Sentry*. *Id.* at 1321. In holding that the insurance contract between the parties controlled and that the plaintiffs in *Pogorilich* were not entitled to prejudgment interest in excess of their policy's UM coverage, this Court stated that "our holding in *Sentry* is not applicable in determining the question of prejudgment interest in the instant case" because in *Pogorilich* the arbitrators were not requested to determine, nor did they determine, the amount of recovery that the two plaintiffs in that case were entitled to recover from their insurer, Allstate. *Id.*

The facts of the instant case before us bear a striking resemblance to the facts of *Sentry*. Here the plaintiff, after receiving the limit of the tortfeasor's insurance policy coverage, made a claim against his own insurance company for UM benefits. His claim was submitted for arbitration, and the arbitrator was requested only to determine the amount due to the plaintiff under his UM coverage. In this case, as in *Sentry*, the arbitrator was asked to determine only the amount that the plaintiff's insurance company was required to pay to the plaintiff under his UM policy with the defendant insurer. Under our holding in *Sentry*, the arbitrator acted within his authority when he awarded prejudgment interest in excess of the UM policy limits.

The defendant here on appeal contends that our holding in *Skaling v. Aetna Insurance Co.*, 742 A.2d 282, 291–92 (R.I. 1999) governs the outcome of this case and that the hearing justice acted correctly in not permitting prejudgment interest to be added to the amount determined to be due to the plaintiff. *Skaling* stands for the proposition that an award of prejudgment interest in excess of policy limits may apply if an insurer breaches the insurance contract by refusing to cover its insured's damages within contractual limits. *Id.* at 292. This provides insurers with an incen-

tive to deal reasonably with insureds to avoid the possibility of an award of prejudgment interest exceeding policy limits. *Id.*

Unlike *Skaling,* the issue here concerns prejudgment interest awarded via arbitration, not whether the court should add prejudgment interest to a damage or arbitration award under G.L.1956 § 9–21–10. In other words, the issue here is not, as in *Skaling,* whether under § 9–21–10 *the court* should award prejudgment interest beyond the policy limits to an insured who has sued its UM insurer for breach of the insurance agreement, but whether the Superior Court should confirm an arbitration award that includes prejudgment interest beyond the policy limits pursuant to an arbitration conducted under a policy between an insured and the insured's UM carrier. Our holding in *Sentry* controls here, and it remains the law in this jurisdiction that prejudgment interest in excess of policy limits may be awarded when an arbitrator is asked to determine only the amount that a plaintiff is entitled to recover in UM benefits from the plaintiff's insurance company. *Allstate Insurance Co. v. Lombardi,* 773 A.2d 864, 870 n. 2 (R.I. 2001).

For the reasons above stated, the plaintiff's appeal is sustained, and the judgment entered in the Superior Court is reversed. The case is remanded to the Superior Court with directions to add prejudgment interest to that portion of the arbitrator's award that represents the total of the UM coverage due to the plaintiff under the terms of the insurance policy with the defendant.