**Supreme Court**

No. 2014-244-Appeal.
(NC 13-297)

Joseph Lemerise          :

v.                               :

The Commerce Insurance Company.     :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Tel. 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2014-244-Appeal.
(NC 13-297)
(Dissent begins on Page 14)

Joseph Lemerise                              :

v.                              :

The Commerce Insurance Company.          :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Flaherty, for the Court.**  The plaintiff, Joseph Lemerise, appeals from an order of the Superior Court denying his motion to confirm an arbitration award and granting the motion of the defendant, The Commerce Insurance Company, to modify the award.  The plaintiff contends that the trial justice erred when he modified the arbitration award because there was no basis to do so under Rhode Island's Arbitration Act, codified at G.L. 1956 chapter 3 of title 10.  Therefore, the plaintiff argues, the award should have been confirmed.  The plaintiff also argues that the trial justice further committed error when he reviewed the arbitrator's award under a <u>de novo</u> review, because he permitted the defendant to expand the record of the arbitration by introducing new evidence in the trial court, and because he allowed the arbitrator to testify during the hearing on the motion to modify.  For the reasons set forth herein, we vacate the order of the Superior Court and direct that the arbitration award be confirmed in its entirety.

- 1 -

**1**

## Facts and Travel

There is no serious dispute about the underlying facts of this case. In August 2011, plaintiff was a pedestrian in a crosswalk in Newport when he was struck by a vehicle operated by an uninsured motorist. At the time, plaintiff was an insured under his mother's automobile insurance policy, pursuant to the terms of which he made a claim for uninsured-motorist coverage for his injuries. Apparently there were some negotiations concerning this claim; the parties agreed that the motorist was at fault and that plaintiff suffered an injury to his foot and ankle. However, the parties were unable to reach closure with respect to the extent of plaintiff's injuries and the amount that he was entitled to be compensated under the policy. After the parties were unsuccessful in resolving plaintiff's claim by negotiation, plaintiff filed suit in Newport County Superior Court against Commerce. Eventually, the parties entered into a written stipulation to stay the action pending "participation in Arbitration pursuant to the terms of the plaintiff's [un]insured motorist policy."

The matter was submitted to arbitration before a single arbitrator, who heard testimony and received documents into evidence. In his award, the arbitrator said that "[t]he question for decision is the extent of the injury, and the amount of compensation plaintiff is entitled to because of it." The arbitrator determined that plaintiff was credible and that he believed his testimony that the injury had continued to affect him. The arbitrator further found that he would be surprised if plaintiff ever completely recovered from the injury to his foot. The arbitrator determined that the fair and reasonable compensation to plaintiff for his injuries was $150,000. He then awarded interest on the award at a rate of 12 percent from the date of the injury, amounting to $47,550, for a total award of $197,550.

The plaintiff then filed a motion in the Superior Court to confirm the arbitration award, pursuant to § 10-3-11. The defendant promptly objected to plaintiff's motion to confirm and filed its own motion, pursuant to § 10-3-14, to modify/correct the arbitration award to conform with the insurance policy, which provided uninsured-motorist coverage up to a limit of $100,000. A hearing was held on April 29, 2014 before a justice of the Superior Court. At the hearing, plaintiff argued that the issue presented to the trial justice was identical to that decided in Wheeler v. Encompass Insurance Co., 66 A.3d 477, 483 (R.I. 2013), in which this Court held that it was error to modify an arbitration award to conform to the policy limits when the policy had not been submitted to the panel of arbitrators, because any error by the arbitrators was a mistake of law, and that is not grounds for modifying an arbitration award. He urged the court to confirm the award for the same reasons—that no grounds for modification existed to modify the award.

The defendant argued that the parties had stipulated that they would submit the dispute to arbitration in accordance with the terms of the insurance policy, which contained an uninsured-motorist coverage limit up to $100,000 per person. See Appendix. It claimed that the issue presented to the arbitrator was the amount of damages that plaintiff would have been entitled to recover from the tortfeasor, and not the extent of the insurer's liability. The defendant argued that the court should grant its motion to modify the award to conform to the policy and, further, that the policy should be construed in accordance with the laws of the state of issuance, Massachusetts. It is noteworthy, however, that these arguments were made to the trial justice, even though the arbitrator was never provided with the policy, nor was he asked to apply Massachusetts law.

The trial justice heard the arguments of each party, and he directed defendant to enter the insurance policy and other documents into evidence. The trial justice then heard the testimony of the arbitrator, who had been subpoenaed by defendant. The following colloquy took place on the record during the arbitrator's testimony:

> "Q     At any time were you ever asked to look at any policies or evaluate how much would be covered under the Commerce policy?
>
> "A     I did not have the policy submitted to me. It was not offered as an exhibit. I was aware of the policy limit because Plaintiff's memorandum contained it. I decided that my job wasn't to issue a ruling in relation to policy limits; that it was just to decide damages and calculate interest.
>
> "Q     So your award was simply for the injuries sustained by Mr. Lemerise regardless of the amount of the coverage or any coverage issues; correct?
>
> "A     I didn't view it – that's correct, I didn't view it as my role to determine coverage issues. I wasn't aware it was a Massachusetts policy. I basically assumed that it was a Rhode Island matter and calculated interest as I understood it to be calculated under Rhode Island law.
>
> "* * *
>
> "THE COURT:    As far as your issue committed to you, if you want to put it in that context, in that language, you applied Rhode Island law in determining the nature of the injury, the extent of the injury, and the amount of compensation that the insured, Mr. Lemerise, would be entitled to collect from the uninsured tort feasor [sic]?
>
> "THE WITNESS: Yes. I had no idea that there was a Massachusetts insurance contract here. No choice of law issues were presented, so I assumed it was Rhode Island and I applied Rhode Island law as I understood it."

At the conclusion of the hearing, the trial justice found that the issue before him was different from, and not controlled by, Wheeler, noting that "I can't ignore it – my job, at the risk of sounding corny, is to do justice between the parties here. I can't ignore the fact that suit was

brought against Commerce Insurance Company on the insurance policy." The trial justice went on to hold that the arbitrator's award was based upon a determination of "what the injury was and what was the compensation as a consequence of the injury caused by the uninsured motorist." Furthermore, he said, "I'm not going to allow [plaintiff] to take advantage of some technicality to get more than he bargained for in this case." The hearing justice then concluded that the record before him was distinguishable from Wheeler because it had been supplemented by the testimony of the arbitrator and the exhibits introduced by defendant. Therefore, the trial justice granted defendant's motion to modify the arbitration award and entered an order for plaintiff in the amount of $100,000.

The plaintiff timely appealed to this Court.

## 2

### Standard of Review

"Public policy favors the finality of arbitration awards, and such awards enjoy a presumption of validity." State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers, 64 A.3d 734, 739 (R.I. 2013) (quoting Cumberland Teachers Association v. Cumberland School Committee, 45 A.3d 1188, 1191 (R.I. 2012)). "Parties voluntarily contract to use arbitration as an expeditious and informal means of private dispute resolution, thereby avoiding litigation in the courts." Berkshire Wilton Partners, LLC v. Bilray Demolition Co., 91 A.3d 830, 834 (R.I. 2014) (quoting Aetna Casualty & Surety Co. v. Grabbert, 590 A.2d 88, 92 (R.I. 1991)). "To preserve the integrity and efficacy of arbitration proceedings, judicial review of arbitration awards is extremely limited." Id. at 834-35 (citing Aponik v. Lauricella, 844 A.2d 698, 704 (R.I. 2004)). "[P]arties who have contractually agreed to accept arbitration as binding are not allowed to circumvent an award by coming to the courts and arguing that the

arbitrators misconstrued the contract or misapplied the law." Id. at 835 (quoting Prudential Property and Casualty Insurance Co. v. Flynn, 687 A.2d 440, 441 (R.I. 1996)).

In reviewing an arbitrator's award, this Court, like the Superior Court, follows § 10-3-11, which says in pertinent part, "any party to the arbitration may apply to the court for an order confirming the award, and thereupon the court must grant the order confirming the award unless the award is vacated, modified or corrected, as prescribed in §§ 10-3-12 – 10-3-14." The limited grounds for modifying an award are set forth in § 10-3-14 as follows:

> "(a) In any of the following cases, the court must make an order modifying or correcting the award, upon the application of any party to the arbitration:
>
> > "(1) Where there was an evident material miscalculation of figures, or an evident material mistake in the description of any person, thing, or property referred to in the award.
> >
> > "(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted.
> >
> > "(3) Where the award is imperfect in matter of form not affecting the merits of the controversy.
>
> "(b) The order must modify and correct the award, so as to effect the intent thereof and promote justice between the parties."

"Generally, arbitration awards cannot be vacated or modified for errors of law and may be disturbed only in narrow circumstances." Wheeler, 66 A.3d at 481 (citing Aponik, 844 A.2d at 703-04).

### 3

### Discussion

The sole issue presented in this appeal is whether the trial justice erred in granting the motion to modify the award, when, after supplementing the record with the admission of the

insurance policy and the testimony of the arbitrator, he reduced the award to conform to the policy limit of $100,000. The plaintiff argues that the trial justice disregarded both the narrow statutory grounds for modifying an arbitration award and this Court's holding in Wheeler, 66 A.3d at 483-84. The plaintiff urges that, when viewed in the proper statutory context, none of the grounds for modification delineated in § 10-3-14 apply to the arbitrator's award, and, therefore, pursuant to the provisions of § 10-3-11, the trial justice should have confirmed the award.

The defendant counters that the trial justice correctly modified the award because the arbitrator was not asked to decide coverage issues or to consider prejudgment interest and, therefore, his award of a sum that exceeded the policy limit was based upon a matter not submitted to him. In its argument, defendant relies heavily on our decision in Allstate Insurance Co. v. Pogorilich, 605 A.2d 1318 (R.I. 1992), for the proposition that, under Rhode Island law, an arbitrator may not exceed the policy limits when he is asked only to determine the amount of recovery from the tortfeasor and not to determine coverage issues. The defendant also advances a parallel argument that because the contract at issue here was a Massachusetts insurance policy, an application of Massachusetts law was required.[1]

In deciding this case, we do not write on a blank slate. On several occasions we have addressed the issue of whether an arbitration award that purports to award damages in excess of the policy limit of an injured party's uninsured motorist coverage should be modified. In Sentry Insurance Co. v. Grenga, 556 A.2d 998 (R.I. 1989) (Sentry), we held that arbitrators have the authority to award prejudgment interest in excess of policy limits and "that arbitrators should add prejudgment interest to their awards unless the parties specifically provide otherwise by

---

[1] The defendant contends that Massachusetts law does not allow prejudgment interest on arbitration awards.

agreement." Id. at 1000 (quoting Paola v. Commercial Union Assurance Co., 461 A.2d 935, 937 (R.I. 1983) (emphasis added)).[2] In Balian v. Allstate Insurance Co., 610 A.2d 546, 549 (R.I. 1992), we held that "the panel was properly empowered to render its decision on the issues of liability and damages * * *." (Emphases added.) We further held that the insurer should be liable for the full value of the award of the arbitration panel, including prejudgment interest, even if the total award, with interest, exceeds the policy limits. Id. at 550 (citing Sentry, 556 A.2d at 1000).

In Pogorilich, 605 A.2d at 1320, upon which defendant relies, the issue did not involve the modification of an arbitration award. Although it is true that the parties had submitted the issue of damages to arbitration, the insurer then filed a declaratory judgment action in the Superior Court to resolve the issue of coverage because, when the plaintiffs accepted payment of the policy limits, they "expressly reserved their rights to pursue their claim for interest awarded by the arbitrators in excess of the policy limits * * *." Id. at 1319, 1320. The Superior Court "certified the question of interpretation of the policy to this [C]ourt." Id. at 1320. On the issue of prejudgment interest, this Court held that "[a]n uninsured/underinsured motorist policy limit may not be expanded to include prejudgment interest even though the injured party may be entitled to recover such prejudgment interest from the tortfeasor." Id. at 1321. In distinguishing the case from Sentry, we held that

> "In the present case the arbitrators were not requested to
> determine, nor did they purport to determine, the amount of
> recovery to which [the plaintiffs] were entitled from Allstate. The
> questions propounded to the arbitrators by the parties in this case,
> and the questions that the arbitrators answered, concerned the
> amounts [the plaintiffs] were entitled to recover from the
> tortfeasor, Dow. * * * Consequently our holding in Sentry is not

---

[2] There was no such agreement in the case before us.

applicable in determining the question of prejudgment interest in the instant case." Id.

Indeed, since Pogorilich was issued, we have, on several occasions, explained that the case does not stand for the proposition that arbitrators may never award prejudgment interest. In Murino v. Progressive Northern Insurance Co., 785 A.2d 557, 558 (R.I. 2001), we were again asked to decide if a plaintiff was entitled to an arbitration award that included prejudgment interest that pushed the total award over the policy limits. We decided that he was. Id. at 559. We distinguished Pogorilich because, in Murino, "the arbitrator was requested only to determine the amount due to the plaintiff under his [uninsured motorist] coverage." Id. We further ruled that "[o]ur holding in Sentry controls here, and it remains the law in this jurisdiction that prejudgment interest in excess of policy limits may be awarded when an arbitrator is asked to determine only the amount that a plaintiff is entitled to recover in [uninsured motorist] benefits from the plaintiff's insurance company." Id. at 560.

Finally, in Wheeler, 66 A.3d at 482-84, this Court addressed an issue remarkably similar to the one now before us at this time. There, the plaintiff suffered injuries in a collision with an underinsured driver and sought recovery from her own insurer, Encompass. Id. at 478-79. As is the case here, the carrier disputed the nature and extent of the plaintiff's injuries and the parties agreed to submit the dispute to arbitration. Id. at 479. The arbitrators found that the plaintiff suffered damages in the amount of $150,000, and they also awarded prejudgment interest. Id. The plaintiff sought confirmation of the award in Superior Court and the defendant objected, arguing that the award could not be confirmed because the total award exceeded the policy limit of $100,000. Id. The trial justice, relying on Pogorilich, 605 A.2d at 1321, denied the plaintiff's motion to confirm and ordered that the award be modified to conform to the limits of the policy. Wheeler, 66 A.3d at 480.

- 9 -

When we decided that case, we observed that there was neither a record of the arbitration proceedings nor of the question that had been presented to the arbitrators. Wheeler, 66 A.3d at 483. Indeed, "the parties agreed that they did not submit a specific question or frame the issue for the panel; they also agreed that the insurance policy was not introduced for the arbitrators' consideration." Id. (emphasis added). We reversed the trial justice's decision, holding that, when the trial justice accepted the defendant's argument that the arbitrator could not award prejudgment interest, he, in effect, "modified the award based on his belie[f] that the arbitrators had made an error of law. However, it is settled beyond a hint of contradiction that a mistake of law is not grounds for upsetting an arbitration award." Id. (citing Aponik, 844 A.2d at 704; Purvis Systems, Inc. v. American Systems Corp., 788 A.2d 1112, 1115 (R.I. 2002); Westminster Construction Corp. v. PPG Industries, Inc., 119 R.I. 205, 210, 376 A.2d 708, 711 (1977)). We reiterated that the trial justice had no authority under the Arbitration Act to conduct a de novo review of the arbitrators' award and that his review of the award was channeled by the statutory mandates of § 10-3-14. Wheeler, 66 A.3d at 483-84.

In this case, the parties filed cross-motions in the trial court—plaintiff moved to confirm the award and defendant objected to plaintiff's motion and moved to modify the award—thus triggering the trial justice's review of the award within the limited confines of § 10-3-14. However, at no point during the hearing below or in his decision did the trial justice refer to the statute or to the three limited grounds that garbed him with any authority to modify the award. Instead, it appears clear to us that he founded his decision to modify the award on a valiant effort to distinguish this case from the facts of Wheeler by supplementing the record with the testimony of the arbitrator and ordering the entry of the policy as an exhibit. He went on to invoke his

- 10 -

authority to "do justice between the parties" and, in effect, seems to have disregarded the Arbitration Act altogether.

Indeed, we are of the opinion that the trial justice went beyond the <u>de novo</u> review that we disapproved of in <u>Wheeler</u> by admitting testimony and expanding the record to allow, and to even suggest, the admission of exhibits not submitted to the arbitrator. We think that it is important for us to observe that we are aware of no authority, nor has any been cited to us, that would allow the parties to examine the arbitrator through testimony or to offer new exhibits into the record. In our view, it was patently erroneous for the trial justice to hear new evidence and to consider documents that had not been submitted to the arbitrator. We further conclude that the trial justice strayed far beyond the limited authority granted to him by the Arbitration Act when he decided to modify the arbitration award.[3] <u>See</u> § 10-3-14.

We hold that a trial justice reviewing an arbitration award is constrained to the four corners of the award itself and the record of the arbitration proceeding.[4] Because that was not done below, we will proceed to engage in just such a review now.

---

[3] When addressing a motion to confirm, modify, or vacate an arbitration award, a trial justice in essence performs limited appellate review of the award. We believe that placing the arbitrator on the witness stand under oath and examining him about the basis of his decision is analogous to this Court examining a trial justice on the rationale for his decision. Indeed, the review of arbitration awards by the Superior Court is subject to a far more stringent standard than our review of trial court judgments.

[4] We recognize that there may be occasions when a trial justice is required to consider testimony and evidence beyond the four corners of the award, such as when a party moves to vacate an award, under G.L. 1956 § 10-3-12, for one of the following reasons:

> "(1) Where the award was procured by corruption, fraud or undue means.
>
> "(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

In the first paragraph of his award, the arbitrator wrote, "[t]he question for decision is the extent of the injury, and the amount of compensation plaintiff is entitled to because of it." As was the case in Wheeler, there is no record of the testimony in the arbitration proceeding that gave rise to the award, the insurance policy was not submitted for the arbitrator's consideration, and even the trial justice could not "ignore the fact that suit was brought against Commerce Insurance Company on the insurance policy." The arbitrator's award contained the caption "Joseph Lemerise v. The Commerce Insurance Company," and it contains no reference to the tortfeasor, except in the first two sentences of the award: "Plaintiff was injured on August 7, 2011 when his foot was run over by an admittedly uninsured motorist. There is no disagreement that the uninsured motorist was at fault, or that plaintiff suffered an injury to his foot and ankle."

Furthermore, at the end of the award, the arbitrator wrote, "In my opinion, fair and reasonable compensation to plaintiff for his injuries and damages resulting from the crush injury to his foot is $150,000. I award interest on these damages at the rate of 12% from the date of the injury, in the amount of $47,550, for a total award to plaintiff in the amount of $197,550." We find it significant that the arbitrator's award for damages declared that plaintiff "is" entitled to the amount set forth in the award, as opposed to what he "would be" entitled to, had the arbitrator been determining the liability of the tortfeasor.

The defendant urges us to elucidate grounds for modification—despite the trial justice's failure to invoke any statutory directives—and find that the arbitrator awarded upon a matter not

"(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced."

However, none of those circumstances are relevant to the review conducted pursuant to § 10-3-14, as is the case here.

submitted to him, based on the fact that the arbitrator granted prejudgment interest when he was not specifically asked to do so. The defendant also argues that it was error for the arbitrator to calculate prejudgment interest because, according to it, Massachusetts law does not provide for prejudgment interest to be included in uninsured motorist arbitration awards.[5] However, as mentioned above, we have specifically held that arbitrators have the authority to award prejudgment interest in excess of policy limits and "that arbitrators <u>should</u> add prejudgment interest to their awards unless the parties specifically provide otherwise by agreement." <u>Sentry</u>, 556 A.2d at 1000 (quoting <u>Paola</u>, 461 A.2d at 937) (emphasis added). Thus, we hold that defendant's argument that the arbitrator awarded on a matter not submitted to him has no merit.

Furthermore, we hold that any argument that defendant makes pursuant to the application of Massachusetts law was waived because it was not submitted to the arbitrator. <u>See</u> <u>Aponik</u>, 844 A.2d at 706 (holding that the failure to request attorneys' fees and costs during arbitration waived any rights provided by the Mechanics' Lien statute). The defendant admitted in the trial court and in his argument to this Court that the policy was never submitted to the arbitrator, that the arbitrator was unaware that the policy was a Massachusetts policy, and that the arbitrator was never asked to apply Massachusetts law. Therefore, we will not address arguments not submitted to the arbitrator.[6]

Because we have decided that there were no grounds for modifying the arbitrator's award, we are constrained to hold that the trial justice should have granted plaintiff's motion to confirm the award under the terms of § 10-3-11.

---

[5] This issue is not before us, and we take no position on it.

[6] Even if we were to address defendant's contention that Massachusetts law should have applied to the issue of prejudgment interest, we note that any oversight resulting therefrom would likely constitute an error of law, and an error of law is not grounds for modifying an arbitration award. <u>See</u> <u>Wheeler v. Encompass Insurance Co.</u>, 66 A.3d 477, 481 (R.I. 2013); <u>Aponik v. Lauricella</u>, 844 A.2d 698, 704 (R.I. 2004).

We close with this observation. This Court has twice now been called upon to intervene in arbitration proceedings involving insurance companies who declined, for reasons best known to them, to submit the insurance policy to the arbitrator. It appears to us that the decision not to submit the policy to the arbitrator was tactical in nature, as has been demonstrated in this case by the defendant's extremely low valuation of the plaintiff's injuries at $7,000. However, as has now been demonstrated in this case, as it was in <u>Wheeler</u>, it is a decision that is fraught with danger, because the insurer is bound to suffer the consequences in the event that the arbitrator disagrees with the insurer's valuation to such an extent that the policy limit is exceeded by the award. The insured would similarly have been bound by the arbitrator's decision had the arbitrator agreed with the insurer's valuation or had the insured failed to submit some of his medical records. We are certain that an insurer would vociferously object if an insured sought to introduce additional evidence of his or her injury to a trial court in order to modify an arbitrator's award. Such circumstances are not grounds for modification and would be wholly contrary to the public policies underlying arbitration proceedings.

## Conclusion

For the reasons set forth above, we vacate the order of the Superior Court. We remand the papers to the Superior Court with instructions to issue an order confirming the arbitration award.


**Justice Robinson, dissenting.** While I have genuine respect for my colleagues and their reasoning with respect to this difficult case, my own thoughts about the underlying principles of law have not changed from those which I articulated in my dissent three years ago in <u>Wheeler v. Encompass Insurance Co.</u>, 66 A.3d 477 (R.I. 2013), a case which the majority in this case describes as involving "an issue remarkably similar to the one now before us * * *."

- 14 -

In my judgment, the one-sentence Stipulation between the parties that is referred to in the majority opinion leads directly to what I believe should be the proper analytical approach to this case. That Stipulation reads as follows:

> "The parties hereby agree that the above action, including but not limited to [d]efendant's obligation to file an answer to the complaint, shall be stayed pending the parties participation in [a]rbitration pursuant to the terms of the plaintiff's [un]insured motorist policy."

By virtue of the presence in the Stipulation of the words "pursuant to the terms of the plaintiff's [un]insured motorist policy," it is clear to me that the arbitration at issue sprang from and ultimately required a return to the contract of insurance. See State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers, 866 A.2d 1241, 1247 (R.I. 2005) (stating that "[a]rbitration is a creature of the contract between the parties"). In my view, it is critical to keep in mind that, from the beginning, a contract existed—viz., the contract of insurance between Mr. Lemerise's mother and The Commerce Insurance Company (Commerce). That contract never ceased to exist at any pertinent time; and, like all contracts, it defined the parameters of the rights and responsibilities of the insured and the insurer. Once Mr. Lemerise and Commerce found themselves unable to reach agreement as to what amount Commerce should pay Mr. Lemerise in view of his injuries, the parties resorted to arbitration for that issue to be determined. As such, the arbitration was chronologically subsequent to and ancillary to the pre-existing contract. The arbitrator's role was to determine what amount would represent compensation to Mr. Lemerise with respect to his injuries; but the arbitrator had no authority to, in effect, rewrite the contract. Once he determined that $150,000 represented fair and reasonable compensation for the injuries, his role was at an end. It is my opinion that, at that point, there should have been a return to the terms of the contract of insurance in the context of the still-

- 15 -

pending Superior Court action. That contract of insurance explicitly limits the amount which the insurer was required to pay; under the contract, there should have been a payment of $100,000 to Mr. Lemerise from Commerce. But, in my judgment, Commerce had no obligation to pay the balance of the amount calculated by the arbitrator—because the contract imposed no such obligation on it. My view is that the contract of insurance (which no one has characterized as ambiguous) is self-limiting: it contains an express limitation on the amount to which the insured is entitled even in the worst-case scenario. I recall the ancient adage: "pacta sunt servanda" (agreements ought to be adhered to).

I will not go on at length. I recognize that the majority largely rests its opinion on the Wheeler case. I dissented there; I have given a good deal of further thought to this difficult issue, but I remain convinced that the analytical approach which I sketched in Wheeler was correct. Accordingly, I once again respectfully dissent.

APPENDIX

**STATE OF RHODE ISLAND**                          **SUPERIOR COURT**
**NEWPORT, SC**

**JOSEPH LEMERISE**

Y.                                                 **C.A. NO.: NC13-0297**

**THE COMMERCE INSURANCE COMPANY**

### STIPULATION

The parties hereby agree that the above action, including but not limited to Defendant's

obligation to file an answer to the complaint, shall be stayed pending the parties participation in

Arbitration pursuant to the terms of the plaintiff's underinsured motorist policy.

Jennifer M. Ghringer, Esq.                         Mark T. Nugent, #2637
Vincent D. Morgera, Ltd.                           Amanda R. Prosek, #7677
One Turks Head Place, Suite 1110                   Morrison Mahoney LLP
Providence, RI 02903                               10 Weybosset Street, Suite 900
Counsel for Plaintiff, Joseph Lemerise             Providence, RI 02903-7141
                                                   Counsel for Defendant, The Commerce
                                                   Insurance Company

Dated: 9/19/13

725858v1

- 17 -



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**          Joseph Lemerise v. The Commerce Insurance Company.

**CASE NO:**          No. 2014-244-Appeal.
(NC 13-297)

**COURT:**          Supreme Court

**DATE OPINION FILED:**   April 13, 2016

**JUSTICES:**          Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Associate Justice Francis X. Flaherty

**SOURCE OF APPEAL:**    Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Bennett R. Gallo

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Jennifer M. Gehringer Puerini, Esq.

For Defendant:  Mark T. Nugent, Esq.
                Thomas M. Robinson, Esq.