Justice Robinson, dissenting.
I respectfully dissent from the majority's opinion affirming the grant of ABC Building Corporation's (ABC) motion to confirm the arbitration award in this case. In my view, this Court should vacate that award. In ruminating on this case, I have been guided by the following eloquent statement of Justice William O. Douglas, writing for the United States Supreme Court in the case of United Steelworkers of America v. Enterprise Wheel & Car Corp. , 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) :
"[An arbitrator] does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the [contract]. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award."[1]
*709 In my judgment, Justice Douglas's statement is entirely consistent with Rhode Island's law with respect to arbitration awards. We have stated that an arbitrator is "confined to interpret the terms of the agreement [between the parties] so as to effectuate the intentions of the parties to the contract." Rhode Island Council 94, AFSCME, AFL-CIO v. State , 714 A.2d 584, 588 (R.I. 1998). An arbitrator's "broad authority to interpret the agreement between the parties and fashion an appropriate remedy is not unbridled. His or her authority is contractual in nature and is limited to the powers conferred in the parties' [contractual agreement]." Nappa Construction Management, LLC v. Flynn , 152 A.3d 1128, 1133 (R.I. 2017) (alteration in original) (internal quotation marks omitted). This Court "must make an order vacating the award upon the application of any party to the arbitration * * * [w]here the arbitrators exceeded their powers * * *." G.L. 1956 § 10-3-12(4). We have repeatedly held that "[a]n arbitrator may exceed his or her authority by giving an interpretation that fails to draw its essence from the parties' agreement , is not passably plausible, reaches an irrational result, or manifestly disregards a provision of the agreement ." Nappa Construction Management, LLC , 152 A.3d at 1133 (alteration in original) (emphasis added) (internal quotation marks omitted); see also State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers , 866 A.2d 1241, 1245 (R.I. 2005).
I candidly recognize at the outset that our review of arbitration awards is "extremely limited." Nappa Construction Management, LLC , 152 A.3d at 1133. I also recognize that such awards "enjoy a presumption of validity." Lemerise v. Commerce Insurance Co. , 137 A.3d 696, 699 (R.I. 2016) (internal quotation marks omitted). However, my unblinking view that the arbitration award should be vacated in this case is not the product of a mere disagreement with the arbitrator's award. Rather, in my opinion, even keeping in mind the "extremely limited" standard of review that applies here, the award in this case failed to draw its essence from the contract between the parties and manifestly disregarded that contract. Nappa Construction Management, LLC , 152 A.3d at 1132 -33. Accordingly, the just-cited precedent in this area of the law leads me ineluctably to the view that the arbitrator exceeded his authority and that the award in this case should be vacated. See § 10-3-12(4).
The arbitration award at issue in the instant case states that the contract required payment of the "fair and reasonable value of labor and materials supplied on the project" and that ABC's testimony was "sufficient and credible" as to "the fair and reasonable cost" of the work done by ABC and as to ABC's "communication of the same to [Ropolo Family, LLC]." However, the words "fair and reasonable" do not appear at all in the contract between the parties-neither literally nor in paraphrase. In my opinion, it strains credulity to suggest that the arbitration award in this case properly drew its essence from the contract between the parties when the standard which the arbitrator asserted was required by the contract, and which he ultimately employed, does not exist in the contract at all. This Court has stated that, in Rhode Island, "[a]rbitration is a creature of the contract between the parties * * *." Rhode Island Brotherhood of Correctional Officers , 866 A.2d at 1247. It is clear to me that the arbitration award in the instant case most certainly was not a "creature of the contract."
Moreover, the arbitrator was asked to resolve the debate between the parties over what documentation ABC was required to include with its bills when those *710 bills were presented to Ropolo Family, LLC. Specifically, the application of § 7.1.4 of the agreement between the parties was at issue. Shockingly, however, nowhere in the arbitration award does the arbitrator even mention § 7.1.4, nor does he resolve the question of what backup documentation was required; the arbitrator simply states in an utterly conclusory manner that ABC did not materially breach the contract. That fact serves to confirm my view that, even viewing it through a generous and liberal lens, the arbitration award in this case was not based even loosely on the contract between the parties. See Rhode Island Council 94 , 714 A.2d at 588 (stating that "an arbitration award not grounded in the contract between the parties * * * must be vacated"); see also Nappa Construction Management, LLC , 152 A.3d at 1132. In so stating, I consciously (albeit respectfully) place myself unequivocally at odds with the majority's statement that "[d]espite the lack of an explicit reference to § 7.1.4 in the award, it is simply not appropriate for this Court to now hold-in hindsight, and contrary to our long-standing jurisprudence about the finality of arbitration awards-that the arbitrator 'manifestly disregard[ed] [that] provision of the agreement.' " (quoting Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc. , 91 A.3d 830, 835 (R.I. 2014) ). On the contrary, in my view, it is entirely appropriate for this Court to so hold in the instant case.
I would further comment that, unlike the majority, I view this case as an even more egregious instance of an arbitrator exceeding his or her authority than we were quite recently called upon to deal with in Nappa Construction Management, LLC . As the majority opinion in the instant case reflects, in Nappa Construction Management, LLC , 152 A.3d at 1134, as the basis for his award, the arbitrator at least sought to take refuge in actual language contained in a portion of the agreement between the parties. However, we found fault with the arbitration award because that portion of the agreement could be "exercised only by the [owners]." Id. In that case, the arbitrator at least based his award on a clause of the contract, however ill-advised his choice of contract clause may have been. Id. By contrast, in the instant case, the standard applied by the arbitrator does not exist anywhere in the contract. Accordingly, I firmly believe that my view with respect to the instant case is not at all inconsistent with this Court's holding in Nappa Construction Management, LLC ; indeed, as I mull over our holding in Nappa Construction Management, LLC , I consider the instant case to be an a fortiori instance of an arbitrator exceeding his or her power.
Consequently, while I acknowledge that there are understandable policy reasons for this Court's practice of engaging in limited review of arbitration awards, it is nonetheless my view that this case represents one of the relatively rare situations where an arbitrator has exceeded his authority; for that reason, I am convinced that the arbitration award should be vacated. See State v. Rhode Island Employment Security Alliance, Local 401, SEIU, AFL-CIO , 840 A.2d 1093, 1096 (R.I. 2003) (stating that, "[a]lthough public policy favors the final resolution of disputes * * * by arbitration, this policy relies on the premise that arbitrators act within their power and authority") (internal quotation marks omitted); see also Rhode Island Council 94 , 714 A.2d at 588.
In conclusion, I must respectfully but adamantly dissent from the majority's opinion.

See also Rhode Island Council 94, AFSCME, AFL-CIO v. State , 714 A.2d 584, 589 (R.I. 1998) (quoting United Steelworkers of America v. Enterprise Wheel & Car Corp. , 363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) ).