Issued May 10, 2019

Corrected May 15, 2019

**Supreme Court**
No. 2018-214-Appeal.
(KM 17-1067)

Mikail K. Abdul-Karim　　　　　:

v.　　　　　:

Isaiah Abdul-Karim et al.　　　　　:

**O R D E R**

Before us is an appeal from a Superior Court order confirming an arbitration award and appointing a commissioner to carry out the terms of the award. The need for arbitration arose out of a dispute involving a joint tenancy—from which the plaintiff appellee Mikail K. Abdul-Karim (Mikail[1] or plaintiff) wishes to separate—in real property located at 13 Boston Street in Coventry, Rhode Island (the property). The defendants—Karima A. Karim (Karima), Musa Abdul-Karim (Musa), and Latifa B. Karim (Latifa)—who have been self-represented throughout these proceedings, argue that they were not afforded a hearing on arbitration and seek a stay of the property's sale. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. In accordance with the strong public policy in favor of the finality of arbitration awards, we affirm the order of the Superior Court.

---

[1] As some of the central figures in this appeal share the same surname, we shall refer to them by their first names to avoid any confusion. No disrespect is intended.

On June 25, 2012, Mikail purchased the property by a warranty deed.[2] On September 13, 2012, Mikail signed and recorded a quitclaim deed in the Coventry land evidence records. The quitclaim deed provided Mikail with a 50 percent interest in the property, Isaiah Abdul-Karim (Isaiah)[3] with a 25 percent interest, Karima with a 12.5 percent interest, and Musa and Latifa with a share of 12.5 percent interest in the property (collectively, the tenants).

A few days later, on September 15, 2012, the tenants entered into an "Agreement Among Joint Tenants" (the agreement) regarding the ownership of the property; the agreement was recorded in the Coventry land evidence records on September 28, 2012. In the event any of the tenants wished to alienate his or her ownership of the property, the agreement set forth a procedure to dissolve the joint tenancy. Under the agreement, Mikail had "the first option" to purchase the separating tenant's interest. If Mikail declined to purchase the interest of the separating tenant, the remaining tenants had the option to purchase it in proportion to their respective equity interest in the property. If Mikail himself wished to separate, or if the other tenants were "unwilling or unable" to purchase the separating tenant's interest, then the property was to be sold at an agreed-upon price. If the tenants were unable to agree on a price, the fair market value was to be determined by an independent real estate appraiser selected by Mikail. The proceeds would then be divided in proportion to each tenant's equity interest. Finally, the agreement provided that "any disputes between [the tenants] shall be settled by binding arbitration under the rules of the American Arbitration Association then in effect."

Several years later, on October 6, 2017, Mikail filed an application to confirm an arbitration award in the Kent County Superior Court. The agreement and the arbitration award

---

[2] Our summary of the facts is taken from both the first and second arbitration awards.
[3] Isaiah Abdul-Karim is listed as a defendant on the Superior and Supreme Court dockets. He, however, does not appear on any of defendants' filings and does not otherwise appear to be actively defending this case.

were attached to Mikail's application. The arbitration award was signed by an arbitrator and dated July 7, 2017, and the award indicated that the arbitrator had held a hearing on June 23, 2017 regarding a dispute concerning the enforceability of the agreement.[4] According to the parties, this hearing was conducted over the telephone.

On October 24, 2017, Karima filed a "motion to vacate."[5] The motion briefly stated that Karima had not been a party to arbitration and that the "judgment" was based on "misleading and/or incomplete information[.]"

On November 3, 2017, a Superior Court justice (the hearing justice) heard Mikail's application to confirm the arbitration award and Karima's motion to vacate. Convinced by defendants' testimony that they had understood the hearing to be a preliminary one—and not an arbitration hearing—the hearing justice granted Karima's motion to vacate.

A second or "final hearing" was held by telephone on February 5, 2018 by a different arbitrator.[6] The second arbitrator issued a written award on February 8, 2018.[7] The award stated that Mikail and his attorney were present; Karima, Latifa, and Musa were present; and, Isaiah was not present. The award further stated that "[t]he parties were notified that this would be a final hearing on the matter, which occurred via telephone conference with [an American

---

[4] The award details that, on February 20, 2017, Mikail and Isaiah had sent a letter to the other tenants stating that (1) they wished to dissolve the joint tenancy, (2) the appraised value of the property was $176,000, and (3) they would sell their interests to the other tenants. Musa, Latifa, and Karima replied in a March 7, 2017 letter that they were not interested in selling the property. Pursuant to the agreement, Mikail brought the dispute to arbitration.

[5] The motion stated that it was a "motion to vacate judgment" and requested the court to vacate an October 6, 2017 order. We presume the motion was seeking to vacate the arbitration award, and the Superior Court treated it as such.

[6] According to Mikail's counsel, the hearing was conducted by telephone because Mikail had a restraining order against Karima.

[7] This award was attached as an exhibit to Mikail's amended application to confirm the arbitration award.

Arbitration Association] Administrator on the call as well. All parties were given the opportunity to be heard, to present evidence, and to respond to each side's contentions."[8]

On March 11, 2018, Mikail filed an amended application to confirm the award. On March 19, 2018, Latifa filed a "motion to vacate and dismiss the judgment," alleging that there had been no second arbitration hearing and that the second award was "based on an illegal 'quitclaim' [deed] not presented to nor signed by the joint tenants."

On March 23, 2018, a second Superior Court justice (the second hearing justice) heard Mikail's amended application to confirm the second award and Latifa's motion to vacate. Mikail's counsel was present, as were Latifa, Musa, and Karima. At the hearing, Mikail also sought the appointment of a commissioner "to enforce the award because of the difficulty * * * [Mikail] has had in listing the property[.]"

The second hearing justice issued a decision, stating that he had considered the application to confirm the award and its attachments, including the agreement, which he observed was signed by all parties and notarized. He noted that the award "appears to be a thoughtful decision." He explained to defendants that they "got a second opportunity in front of another arbitrator," and that "[b]y everything I have in front of me that took place, it was an appropriate opportunity for you to be heard." He further stated that he saw "no legal basis to not confirm the arbitration award[.]" Consequently, the second hearing justice confirmed the arbitration award and appointed a commissioner to assist in the sale of the property.

An order confirming the arbitration award and appointing a commissioner was entered on April 2, 2018. Karima, Latifa, and Musa filed a timely notice of appeal on April 10, 2018.

---

[8] The award reached was substantially the same result as the first arbitration award.

"To preserve the integrity and efficacy of arbitration proceedings, judicial review of arbitration awards is extremely limited." *Lemerise v. Commerce Insurance Co.*, 137 A.3d 696, 699 (R.I. 2016) (quoting *Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc.*, 91 A.3d 830, 834-35 (R.I. 2014)). "Public policy favors the finality of arbitration awards, and such awards enjoy a presumption of validity." *Id.* (quoting *State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers*, 64 A.3d 734, 739 (R.I. 2013)).

General Laws 1956 § 10-3-12 provides the grounds for vacating an arbitration award. The limited grounds for a court to vacate are as follows:

> "(1) Where the award was procured by corruption, fraud or undue means.
>
> "(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.
>
> "(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
>
> "(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Section 10-3-12.

Here, defendants insist that there never was an arbitration hearing, and they argue that the property is being taken from them by way of fraud and other wrongful acts. They request that this Court grant them the opportunity to participate in a "true" arbitration hearing, where they will be "allowed to negotiate remedies[.]"

We review arbitration awards "merely 'to determine whether the arbitrator has resolved the grievance by considering the proper sources of the contract but not to determine whether the arbitrator has resolved the grievance correctly.'" *Prospect Chartercare, LLC v. Conklin*, 185

A.3d 538, 544 (R.I. 2018) (brackets and deletion omitted) (quoting *Jacinto v. Egan*, 120 R.I. 907, 912, 391 A.2d 1173, 1176 (1978)). "Accordingly, 'only in cases in which an award is so tainted by impropriety or irrationality that the integrity of the process is compromised should courts intervene.'" *Id.* (brackets omitted) (quoting *Prudential Property and Casualty Insurance Co. v. Flynn*, 687 A.2d 440, 441 (R.I. 1996)). "'[E]very reasonable presumption in favor of the award will be made,' and the party claiming that an arbitrator exceeded his authority 'bears the burden of proving that contention.'" *Id.* (quoting *Berkshire Wilton Partners, LLC*, 91 A.3d at 835).

After a careful review of the defendants' submissions, we are satisfied that they have not met the formidable burden necessary to overcome the presumption of validity to which the arbitration award is entitled. Here, the award states that a "final hearing" was held on February 5, 2018 by means of a telephone conference.[9] Indeed, the defendants acknowledge that they "spoke to [the arbitrator] on the phone February 5th, 2018." They have failed, however, to provide any evidence tending to establish any of the factors set forth in § 10-3-12 which would warrant vacating the award. Accordingly, we perceive no error by the second hearing justice in confirming the award and appointing a commissioner to oversee the property's sale.

For the reasons stated in this order, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.

Entered as an order of this Court on this 10th day of    May    , 2019.


By Order,

_____/s/_____
Clerk

_____

[9] Although telephone conferences are permissible under the rules of the American Arbitration Association, we are of the mind that the practice is to be discouraged when legally unsophisticated, self-represented parties are involved.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Mikail K. Abdul-Karim v. Isaiah Abdul-Karim et al. |
| **Case Number** | No. 2018-214-Appeal. <br> (KM 17-1067) |
| **Date Opinion Filed** | May 10, 2019 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | N/A |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Daniel A. Procaccini |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> John V. McGreen, Esq. |
| | For Defendants: <br><br> Isaiah Abdul-Karim, Pro Se <br> Musa Abdul-Karim, Pro Se <br> Karima A. Karim, Pro Se <br> Latifa B. Karim, Pro Se |