March 22, 2021

**Supreme Court**

No. 2019-268-Appeal.
(KM 19-106)

Warnsey Wiggins             :

v.                          :

Edward Pianka.              :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| Warnsey Wiggins | : |
| v. | : |
| Edward Pianka. | : |

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.**  Before us is an appeal from a Superior Court judgment confirming an arbitration award in favor of the petitioner, Warnsey Wiggins.  The respondent, Edward Pianka, contends that the hearing justice erred in denying his motion to vacate the arbitration award and in granting the petitioner's motion to confirm the award.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  In accordance with the strong public policy in favor of the finality of arbitration awards, we affirm the judgment of the Superior Court.

**Facts and Travel**

On October 31, 2013, at approximately 6 p.m., a collision occurred between an automobile driven by petitioner and respondent, who was walking across Main Street in West Warwick, Rhode Island. The respondent subsequently filed a negligence action against petitioner in Superior Court.[1] Thereafter, the parties submitted the matter to nonbinding arbitration as required by the Superior Court Rules Governing Arbitration of Civil Actions. The arbitrator found that each party had been 50 percent at fault for the accident and he awarded respondent 50 percent of his damages. In his decision, the arbitrator noted that petitioner had testified that "[h]e believe[d] he was traveling 25 to 30 mph." The respondent rejected the nonbinding arbitration award.

The parties subsequently consented to submit the case to binding arbitration. At the arbitration hearing, a surveillance camera video of the accident was admitted into evidence. In his testimony at the arbitration hearing, petitioner stated that he was driving at approximately 20 to 25 miles per hour at the time of impact.

The respondent also testified at the arbitration hearing and stated that the accident occurred in a heavily residential area. Additionally, respondent states that he submitted evidence in the form of documentation regarding stopping distances for cars traveling at various speeds, which he believed demonstrated that petitioner

---

[1] The underlying negligence action was No. KC-2014-363.

could not have stopped ten feet after the accident unless petitioner had begun to apply his brakes before hitting respondent. The respondent asserts that, under cross-examination, petitioner denied that he previously testified that he was traveling at 25 to 30 miles per hour.[2]

The arbitrator issued his award on June 28, 2018. The arbitrator reviewed the testimony and noted that petitioner testified that he did not see what had hit his car and that he had "stopped approximately 10 feet past the point of impact." The arbitrator noted that petitioner's testimony established that "there were really no houses in the area" and, therefore, trick-or-treaters were not expected in the area on that Halloween evening. The arbitrator also noted that respondent testified that he had consumed three beers and two vodka shots at a friend's house prior to his going out for a walk and that he chose not to use a crosswalk that was farther up the road.[3] The arbitrator also noted that when respondent crossed Main Street he saw petitioner's vehicle approaching and assumed that petitioner had seen him and nevertheless proceeded to cross the street with his back to oncoming traffic.

The arbitrator also reviewed the video surveillance and stated that the video showed respondent wearing dark clothing, talking on a cell phone, and walking with

---

[2] There is no transcript of the arbitration proceeding. Thus, we rely on the parties' assertions as to what occurred.

[3] The petitioner submitted a report that indicated that respondent had an estimated blood alcohol level of .193 at the time of the accident.

a staggered gait while crossing the street. The arbitrator found that the video showed that respondent was not paying attention to traffic and that he walked into the front fender of petitioner's vehicle. The arbitrator also observed that the video did not demonstrate that petitioner failed to pay attention and also did not show that petitioner was speeding; he found that "[t]here was nothing [petitioner] could have done to avoid what happened."

The arbitrator concluded that respondent had failed to satisfy his burden of showing that petitioner acted negligently. Thus, he determined that it was respondent who "was negligent and that his negligence was the sole proximate cause of his injuries and damages." Therefore, he concluded, his decision should enter in favor of petitioner.

The respondent then filed a motion to compel the arbitrator to provide all arbitration statements and packages submitted for the arbitration proceeding. It was later revealed that the arbitrator had destroyed all the records submitted by the parties for the arbitration. The respondent then filed a motion to vacate the arbitration

award.[4]  The petitioner filed a separate petition to confirm the arbitration award.[5]  A hearing justice conducted a hearing on the competing motions.

At the hearing, respondent argued that he had been unable to cross-examine petitioner about the discrepancy in testimony about how fast he was traveling.  He also maintained that the arbitrator committed misconduct by ignoring evidence submitted by respondent about stopping times and by later destroying all evidence associated with the arbitration.  The petitioner, on the other hand, argued that the arbitrator had carefully reviewed the evidence and issued a thorough decision and that respondent simply disagreed with the arbitrator's assessment of the evidence.  With respect to the arbitrator's destruction of the arbitration record, petitioner argued that this was not significant because the arbitrator did away with the records after he had issued his award.  The petitioner also noted that the parties had exchanged the arbitration evidence and each had copies of all documents and other evidence that had been presented.

After oral argument, the hearing justice issued a bench decision and concluded that, based on the demanding standard of review with respect to arbitration awards,

---

[4] The respondent also filed a separate action in the Superior Court seeking declaratory and injunctive relief and damages relating to the accident at issue in this case in No. KC-2019-19.

[5] The parties later stipulated that respondent's prior motion to vacate, filed in a related case, would be considered along with petitioner's petition to confirm in the present case.

there was no basis for vacating the award in this case. The hearing justice went on to confirm the award. The respondent timely appealed.

On appeal, respondent again raises the arguments that he presented in the Superior Court. First, he asserts that the award was procured by undue means because, he alleges, petitioner falsely testified about the speed of his vehicle. Second, respondent argues that the award was irrational, contending that the arbitrator refused to give any weight to the evidence that had been submitted by respondent. Finally, respondent contends that the arbitrator exceeded his powers and committed misconduct in physically discarding the evidence submitted by the parties after the arbitration award was issued.

## Standard of Review

"To preserve the integrity and efficacy of arbitration proceedings, judicial review of arbitration awards is extremely limited." *Lemerise v. Commerce Insurance Company*, 137 A.3d 696, 699 (R.I. 2016) (quoting *Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc.*, 91 A.3d 830, 834-35 (R.I. 2014)). It is well settled that "public policy favors the finality of arbitration awards, and such awards enjoy a presumption of validity." *Caffey v. Lees*, 175 A.3d 478, 481 (R.I. 2018) (brackets omitted) (quoting *Lemerise*, 137 A.3d at 699).

General Laws 1956 § 10-3-12 provides the grounds for vacating an arbitration award. The limited grounds for a court to vacate are as follows:

"(1) Where the award was procured by corruption, fraud or undue means.

"(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.

"(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.

"(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Section 10-3-12.

We review arbitration awards "merely 'to determine whether the arbitrator has resolved the grievance * * * but not to determine whether the arbitrator has resolved the grievance correctly.'" *Prospect Chartercare, LLC v. Conklin*, 185 A.3d 538, 544 (R.I. 2018) (quoting *Jacinto v. Egan*, 120 R.I. 907, 912, 391 A.2d 1173, 1176 (1978)). "Accordingly, 'only in cases in which an award is so tainted by impropriety or irrationality that the integrity of the process is compromised should courts intervene.'" *Id.* (brackets omitted) (quoting *Prudential Property and Casualty Insurance Co. v. Flynn*, 687 A.2d 440, 441 (R.I. 1996)). Thus "'every reasonable presumption in favor of the award will be made,' and the party claiming that an arbitrator exceeded his authority 'bears the burden of proving that contention.'" *Id.* (brackets omitted) (quoting *Berkshire Wilton Partners, LLC*, 91 A.3d at 835).

**Discussion**

After a careful review of the respondent's oral and written submissions, we are satisfied that he has failed to overcome the formidable burden necessary to defeat the presumption of validity to which an arbitration award is entitled. *See Caffey*, 175 A.3d at 481. First, respondent has asserted that the arbitration award was procured through undue means because, he alleges, petitioner falsely testified about the speed of his vehicle and his legal counsel failed to correct this testimony.

This Court has indicated that the "undue means" referenced in § 10-3-12(1) would include "underhanded or conniving ways of procuring an award that are similar to corruption or fraud, but do not precisely constitute either." *Caffey*, 175 A.3d at 481 (quoting *National Casualty Co. v. First State Insurance Group*, 430 F.3d 492, 499 (1st Cir. 2005)). Also, there must be a "causal nexus" between the improper conduct and the arbitration award in order to vacate the award on this basis. *See id.* at 483 (quoting *McGinity v. Pawtucket Mutual Insurance Company*, 899 A.2d 504, 507 (R.I. 2006)).

The arbitrator was not required to agree with respondent's assessment that petitioner offered false testimony. The arbitrator could have determined that petitioner simply did not remember his earlier testimony during the course of the nonbinding arbitration proceedings. Alternatively, as the hearing justice pointed out, petitioner's testimony could have reflected the fact that his later testimony was the

correct statement of his vehicle's speed.[6] Furthermore, it was the function of respondent's counsel to bring out any false testimony that he believed had been offered by petitioner through cross-examination. In our opinion, petitioner's testimony and actions did not constitute procuring an arbitration award by undue means. *See Caffey*, 175 A.3d at 482-83 (concluding that the arbitration award was not procured by undue means although counsel failed to disclose doctor's initial opinion, which was contrary to doctor's subsequent opinion, before or during arbitration hearing).

The respondent additionally asserts that the arbitrator acted irrationally, exceeded his powers, and committed misconduct in deciding not to rely upon evidence submitted by respondent and in later destroying such evidence. However, it appears that the arbitrator's decision was rational and was based on pertinent evidence. The arbitrator was not required to interpret the evidence the way respondent desired. Further, although we pause to note that it may not be the best practice to destroy the records submitted by the parties so soon after the arbitration proceeding, respondent has not demonstrated that the arbitrator refused to consider his evidence. From the decision, it appears that the arbitrator simply found the evidence submitted by petitioner to be more credible. Additionally, the arbitrator

---

[6] Notably, the only difference in testimony argued by respondent was a 5 miles per hour difference in the estimated speed range given at the first arbitration as 25 to 30 miles per hour, then 20 to 25 miles per hour at the binding arbitration hearing.

relied upon the video of the incident to assist him in making the credibility determinations. *See Atwood Health Properties, LLC v. Calson Construction Company*, 111 A.3d 311, 317 (R.I. 2015) (recognizing "that unless provided otherwise, arbitrators[,] * * * like a jury, are under no obligation to set out the reasons for their award or the findings of fact or conclusions of law on which that award is premised") (quoting *Purvis Systems, Inc. v. American Systems Corporation*, 788 A.2d 1112, 1118 (R.I. 2002)).

We therefore cannot agree with the respondent's assertion that the arbitrator's actions were irrational, exceeded his powers, or amounted to undue means in accordance with Rhode Island law. *See Flynn*, 687 A.2d at 441 ("Only in cases in which an award is so tainted by impropriety or irrationality that the integrity of the process is compromised should courts intervene."). Simply put, the respondent has failed to provide any evidence to establish any of the factors set forth in § 10-3-12 that would warrant vacating the award. Accordingly, we perceive no error by the hearing justice in granting the motion to confirm and denying the motion to vacate the award.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The record may be returned to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Warnsey Wiggins v. Edward Pianka. |
| **Case Number** | No. 2019-268-Appeal.<br>(KM 19-106) |
| **Date Opinion Filed** | March 22, 2021 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Licht |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Patricia A. Buckley, Esq. |
| | For Respondent:<br><br>Ronald J. Resmini, Esq. |

SU-CMS-02A (revised June 2020)