Justice Flaherty, for the Court.
The defendant, Ropolo Family, LLC, appeals from an order of the Superior Court that confirmed an arbitration award in favor of the plaintiff, ABC Building Corporation, and from a corresponding judgment of the Superior Court in favor of ABC and against Ropolo in the amount of $72,415, plus statutory interest in the amount of $7,086.24 through the date of the arbitration award, and post-award interest thereafter. Ropolo contends on appeal that the arbitrator exceeded his authority by (1) manifestly disregarding clear and unambiguous *703 contractual language that should have precluded any award in favor of ABC, and (2) manifestly disregarding well-settled law by awarding ABC recovery in quasi-contract when a valid and enforceable contract was in existence. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the parties' written and oral arguments, and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth below, we affirm the order and judgment of the Superior Court.
I
Facts and Travel
ABC and Ropolo entered into a contract for the construction of a restaurant in Newport. Sometime thereafter, a dispute arose regarding payment that Ropolo owed to ABC. It is uncontroverted that, when it failed to receive full payment on the bills it submitted to Ropolo, ABC ceased work on the project.[1] The contract provided that the parties would submit their dispute to binding arbitration. They did, and, after significant discovery and protracted hearings, the arbitrator awarded $72,415 to ABC, plus $7,086.24 in interest. The arbitrator predicated his award on the following pertinent findings:
"3. I find that under the factual circumstances of this matter, the Agreement and its General Conditions require payment by [Ropolo] to [ABC] of the fair and reasonable value of labor and materials supplied on the project.
"4. I find that [ABC's] testimony, taken as a whole, was sufficient and credible as to the fair and reasonable cost of work, the reasonable necessity of the work, payment by [ABC] for the work, and [ABC's] communication of the same to [Ropolo].
" * * *
"8. I find that [ABC] did not materially breach the Agreement."
In rendering his award, the arbitrator decided that "[ABC] is entitled to recover from [Ropolo] under the contract and alternatively in quantum meruit * * *."
ABC moved to confirm the arbitration award in the Superior Court. Ropolo objected to ABC's motion to confirm and simultaneously moved to vacate the arbitration award. Ropolo argued that the arbitrator manifestly disregarded clear and unambiguous contractual language-specifically, § 7.1.4:
"With each Application for Payment, the Construction Manager shall submit payrolls, petty cash accounts, receipted invoices or invoices with check vouchers attached, and any other evidence required by the Owner or Architect to demonstrate that cash disbursements already made by the Construction Manager on account of the Cost of the Work equal or exceed progress payments already received by the Construction Manager, less that portion of those payments attributable to the Construction Manager's Fee, plus payrolls for the period covered by the present Application for Payment."
This language, according to Ropolo, "required that ABC submit specific items with each [a]pplication for [p]ayment to *704 substantiate each line item billed[,]" including documentation of payroll, receipted invoices, and evidence of prior payments made by the owner. This, Ropolo claimed, ABC failed to do. Ropolo asserted that much of the work for which ABC was seeking compensation related to intangible supervisory and management labor and that, because ABC had not submitted time sheets or other documentation, it was impossible for Ropolo to know if the work had actually been performed. Ropolo further averred that it had not received the requisite backup documentation for that work from ABC until after ABC initiated arbitration, and thus Ropolo considered itself justified in withholding payment to ABC. Furthermore, Ropolo argued, the arbitrator manifestly disregarded applicable law when he awarded ABC recovery in quantum meruit despite the existence of a valid, legally enforceable contract. Subsequently, ABC filed an objection to Ropolo's motion to vacate the arbitration award, maintaining that it had provided sufficient substantiation for the bills it submitted to Ropolo, and that the arbitrator had so found.
On July 1, 2016, a hearing was held on the parties' cross-motions to confirm and vacate the arbitration award. ABC explained that it was a general contractor hired by Ropolo "to do a construction build-out of a new restaurant location in Newport." However, ABC posited, a disagreement arose between the parties because Ropolo "was complaining about the progress and was disputing the invoices"; in response, ABC notified Ropolo that it was terminating their agreement. Thereafter, according to ABC, the arbitrator found that the documentation provided by ABC to Ropolo with the applications for payment was sufficient to substantiate those invoices, and, as such, ABC had not breached the contract by stopping work.
ABC next addressed the two arguments that had been raised by Ropolo as grounds for vacating the arbitration award. First, with respect to whether the arbitrator had disregarded the contract, ABC emphasized that the arbitrator, who had significant experience in this area of the law, had held multiple days of hearings, heard from witnesses involved in the dispute, and accepted lengthy post-arbitration memoranda from the parties addressing the very issues Ropolo was raising before the Superior Court. According to ABC, the arbitrator conducted a thorough review of the evidence before him and "clearly found that there [were] clear and unambiguous terms of the contract that supported [ABC's] claim for breach of contract, that [ABC] had supplied sufficient evidence of those damages and was entitled to recover." Second, with respect to whether the arbitrator had disregarded the law when providing for recovery in quantum meruit as an alternative to a contract-based recovery, ABC asserted that the arbitrator did not misapply the law or make a mistake of law. But even if he had ruled that the elements of quasi-contract were satisfied, ABC argued, mere error of law is an insufficient basis for vacating an arbitration award. In light of the Superior Court's limited review of arbitration awards pursuant to G.L. 1956 § 10-3-12, and given that the arbitrator had already examined and rejected the arguments raised by Ropolo, ABC maintained that the award should be confirmed.
Ropolo disagreed. It first recognized the heavy burden it had to overcome in asking the Superior Court to vacate the arbitrator's award. Nonetheless, Ropolo argued-as it had at arbitration-that ABC had not complied with § 7.1.4 of the contract by failing to submit backup documentation, in the form of payrolls or receipts, with its invoices to Ropolo. According to Ropolo, the arbitrator did not find that, under the contract, ABC had submitted sufficient *705 documentation to Ropolo with each application for payment; in fact, the arbitrator did not find that substantiating documentation had been submitted to Ropolo at all. Rather, as Ropolo saw it, the arbitrator simply found "that [ABC's] testimony, * * * taken as a whole, was sufficient and credible as to the fair and reasonable cost of the work"-language Ropolo characterized as sounding in quantum meruit. Ropolo thus maintained that the arbitrator based his award solely on the testimony at arbitration, and not on a finding that ABC had complied with § 7.1.4 before terminating the contract and initiating arbitration.[2]
ABC countered that, in fact, the arbitrator had based his decision on the applications for payment and the corresponding time sheets, which ABC introduced into evidence at arbitration and which Ropolo had exhaustively examined. ABC conceded that the actual time sheets had not been submitted to Ropolo with the applications for payment during the course of the project.[3] Nevertheless, according to ABC, the applications for payment did indeed include summaries of the time spent on the project. Moreover, according to ABC, during the course of the project, Ropolo never once asked for the supporting time sheets; Ropolo simply began selectively paying ABC for some charges and not for others. It was not until ABC terminated the contract for such selective payments that Ropolo complained of a lack of substantiating documentation accompanying each application.
Following the parties' arguments, the hearing justice rendered his decision. He, too, was impressed by the experience of the arbitrator in the field of contract law, and the hearing justice noted that it was the parties who selected that arbitrator to perform that role. The hearing justice expressed his reluctance to set aside the arbitrator's award, especially where it had not been shown to be "clearly ambiguous, totally arbitrary, [or] otherwise unreasonable." In addition, the hearing justice found that the arbitrator had performed his function by making findings of fact, "and based on that [the hearing justice would] sustain the arbitrator[']s award." Accordingly, the hearing justice confirmed the arbitration award and entered a judgment for the awarded amount of $72,415, plus statutory interest in the amount of $7,086.24 through the date of the arbitration award, as well as interest thereafter. Ropolo timely appealed.
II
Standard of Review
"Rhode Island has a strong public policy in favor of the finality of arbitration awards." Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc. , 91 A.3d 830, 834 (R.I. 2014). In that light, "[t]o preserve the integrity and efficacy of arbitration proceedings, judicial review of arbitration awards is extremely limited." Id. at 834-35. This "policy of finality is reflected in the limited grounds that the Legislature has delineated for vacating an arbitration award." Id. at 835 (quoting Prudential Property and Casualty Insurance Co. v. Flynn , 687 A.2d 440, 441 (R.I. 1996) ).
In reviewing an arbitrator's award, this Court, like the Superior Court, follows the Arbitration Act, codified at G.L. 1956 chapter 3 of title 10. " Section 10-3-12 sets forth the narrow conditions *706 pursuant to which an arbitration award must be vacated[.]" Atwood Health Properties, LLC v. Calson Construction Co. , 111 A.3d 311, 314 (R.I. 2015). It provides, in pertinent part, that "the court must make an order vacating the award upon the application of any party to the arbitration * * * [w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." Section 10-3-12(4). "An arbitrator may exceed his or her authority by giving an interpretation that fails to draw its essence from the parties' agreement, is not passably plausible, reaches an irrational result, or manifestly disregards a provision of the agreement." Berkshire Wilton Partners, LLC , 91 A.3d at 835. An arbitration award may also be vacated "when the arbitrator has manifestly disregarded the law." Id. "[A] manifest disregard of the law requires something beyond and different from a mere error in the law or failure on the part of the arbitrator[ ] to understand or apply the law." Id. at 836-37 (quoting City of East Providence v. International Association of Firefighters Local 850 , 982 A.2d 1281, 1286 (R.I. 2009) ). Rather, it "occurs when an arbitrator 'understands and correctly articulates the law, but then proceeds to disregard it.' " Id. at 837 (quoting City of Cranston v. Rhode Island Laborers' District Council Local 1033 , 960 A.2d 529, 533 (R.I. 2008) ).
At the same time, the General Assembly has also provided that "any party to the arbitration may apply to the [Superior Court] for an order confirming the award, and thereupon the court must grant the order confirming the award unless the award is vacated, * * * as prescribed in § [ ] 10-3-12 * * *." Section 10-3-11. Thus, if none of the "narrow conditions" delineated in § 10-3-12-as this Court has interpreted them-are present, and if there has been no manifest disregard of the law, "[t]he statutory directive is clear: a reviewing justice must confirm the award * * *." Wheeler v. Encompass Insurance Co. , 66 A.3d 477, 480, 481 (R.I. 2013) (emphasis added). Certainly we will make "[e]very reasonable presumption in favor of the award * * *." Berkshire Wilton Partners, LLC , 91 A.3d at 835 (quoting Feibelman v. F.O., Inc. , 604 A.2d 344, 345 (R.I. 1992) ). Of particular import, "[a]s long as the award 'draws its essence' from the contract and is based upon a 'passably plausible' interpretation of the contract, it is within the arbitrator's authority and our review must end." Rhode Island Court Reporters Alliance v. State , 591 A.2d 376, 378 (R.I. 1991) (quoting Jacinto v. Egan , 120 R.I. 907, 912, 391 A.2d 1173, 1176 (1978) ).
III
Discussion
There is no question that one who seeks to vacate an arbitration award shoulders a heavy load. Because "[p]ublic policy favors the finality of arbitration awards, * * * such awards enjoy a presumption of validity." Lemerise v. Commerce Insurance Co. , 137 A.3d 696, 699 (R.I. 2016) (quoting State Department of Corrections v. Rhode Island Brotherhood of Correctional Officers , 64 A.3d 734, 739 (R.I. 2013) ). After all, "[p]arties voluntarily contract to use arbitration as an expeditious and informal means of private dispute resolution, thereby avoiding litigation in the courts." Berkshire Wilton Partners, LLC , 91 A.3d at 834 (quoting Aetna Casualty & Surety Co. v. Grabbert , 590 A.2d 88, 92 (R.I. 1991) ). To that end, "[p]arties who have contractually agreed to accept arbitration as binding are not allowed to circumvent an award by coming to the courts and arguing that the arbitrators misconstrued the contract or misapplied the law."
*707 Id. at 835 (quoting Prudential Property and Casualty Insurance Co. , 687 A.2d at 441 ).
In our considered opinion, Ropolo is attempting to do just that. The company disagrees with the manner in which the arbitrator viewed and applied the contract between the parties, and it disagrees with the basis on which the arbitrator awarded recovery to ABC. However, neither avenue by which Ropolo has sought to vacate the arbitration award-first in the Superior Court, and now before this Court-can afford Ropolo any relief.
First, we note that "review of an arbitration award does not permit 'judicial re-examination' of the relevant contractual language." Berkshire Wilton Partners, LLC , 91 A.3d at 837 (quoting Jacinto , 120 R.I. at 912, 391 A.2d at 1175 ). The arbitrator clearly was aware of and considered § 7.1.4 of the contract. In fact, Ropolo exploited the requirements of that provision extensively throughout the arbitration hearings and in its post-arbitration memorandum, relying on § 7.1.4 to argue for an award in its favor. Quite simply, Ropolo does not agree with the outcome that the arbitrator reached in the face of that contractual language. Despite the lack of an explicit reference to § 7.1.4 in the award, it is simply not appropriate for this Court to now hold-in hindsight, and contrary to our long-standing jurisprudence about the finality of arbitration awards-that the arbitrator "manifestly disregard[ed] [that] provision of the agreement." Id. at 835.
In its argument to this Court, Ropolo relies on Nappa Construction Management, LLC v. Flynn , 152 A.3d 1128 (R.I. 2017), but, in our opinion, that case is inapposite. In Nappa , although the arbitrator faulted both parties for the delays in a construction project, he "effectively found [the contractor] to be in breach of contract" due to its subpar performance. Nappa Construction Management, LLC , 152 A.3d at 1133-34, 1135. Thus, under the terms of the contract, the owners had the right both to order the contractor to temporarily suspend construction and to withhold payment from the contractor until the problems were addressed. Id. at 1133-34. As a result, the arbitrator ruled, such nonpayment was not a justifiable cause for the contractor to terminate the contract. Id. at 1134, 1135. Nevertheless, in his efforts to craft what he believed to be a fair remedy given what he viewed as equally borne fault, the arbitrator "took it upon himself to end the parties' 'combative, contentious, dysfunctional relationship' by employing the fiction that the [owners] had terminated the contract 'for convenience[,]' " as they were permitted to do under the agreement. Id. at 1134. We vacated the award, however, because, "[u]nder the parties' agreement, a termination for convenience [could] be exercised only by the [owners] and completely in their discretion"-a right that the owners had not, in fact, exercised. Id. (emphasis added). Accordingly, a majority of this Court held that the arbitrator exceeded his authority by triggering that contractual provision himself; "[i]ndeed, the arbitrator's interpretation [was] in direct contravention of the contractual language." Id. at 1133, 1134. In contrast, the arbitrator here plainly found in his award that the contract "require[s] payment by [Ropolo] to [ABC]" based on his finding of "sufficient and credible [evidence] as to the fair and reasonable cost of work * * * and [ABC's] communication of the same to [Ropolo]." (Emphasis added.) Consequently, we hold that the award "draw[s] its essence from the parties' agreement," including the contractual language and requirements of § 7.1.4. Berkshire Wilton Partners, LLC , 91 A.3d at 835. As such, "[w]e believe the decision of the arbitrator * * * is sufficiently *708 'grounded in the contract' to be within the scope of his authority." Jacinto , 120 R.I. at 913-14, 391 A.2d at 1176 (quoting United Steelworkers of America v. United States Gypsum Co. , 492 F.2d 713, 731-32 (5th Cir. 1974) ).
Second, "[t]he deference due to the arbitrator is such that an arbitrator's mere error of law is insufficient grounds to vacate his award." Berkshire Wilton Partners, LLC , 91 A.3d at 836. Nor is a "failure on the part of the arbitrator[ ] to understand or apply the law" sufficient for vacation. Id. at 837 (quoting City of East Providence , 982 A.2d at 1286 ). Rather, a manifest disregard of the law-which "occurs when an arbitrator 'understands and correctly articulates the law, but then proceeds to disregard it' "-is required for this Court to vacate an arbitrator's award. Id. (quoting City of Cranston , 960 A.2d at 533 ). According to Ropolo, the arbitrator did just that when he decided that "[ABC] is entitled to recover from [Ropolo] under the contract and alternatively in quantum meruit the total amount of $72,415.00[.]" (Emphasis added.) Because, as Ropolo sees it, neither party contests that there was a valid contract in existence, and because ABC materially breached the agreement when it stopped working on the project, ABC is precluded from recovering under a quasi-contract theory. However, to accept that argument would require us to ignore the express finding by the arbitrator that "[ABC] did not materially breach the Agreement." That, we cannot and will not do. It is clear to us that the arbitrator awarded ABC recovery under the contract itself; recovery in quantum meruit was merely an alternative basis.
It bears emphasizing that, "[i]n general, courts look with disfavor on efforts to overturn arbitration awards and thereby frustrate the arbitration process. Only in cases in which an award is so tainted by impropriety or irrationality that the integrity of the process is compromised should courts intervene." Prudential Property and Casualty Insurance Co. , 687 A.2d at 441. This is simply not such a case.
IV
Conclusion
For the reasons set forth above, we affirm the order and judgment of the Superior Court. The record shall be remanded to the Superior Court.
Justice Goldberg participated on the basis of the briefs.

ABC characterizes its cessation of work on the project as its electing to terminate the contract pursuant to article 10 of the contract due to lack of payment by Ropolo. Ropolo characterizes ABC's stoppage as a material breach of the contract.

In response to questioning by the hearing justice, Ropolo acknowledged that it had raised these very issues in its post-arbitration memorandum to the arbitrator.

The time sheets were produced during pre-arbitration discovery.