**Supreme Court**
No. 2025-91-Appeal.

Arturo P. Batac                    :

v.                    :

Verizon.[1]                    :

# O R D E R

This case came before the Supreme Court on the *pro se* appeal filed by the plaintiff, Arturo P. Batac (Batac or plaintiff), from an order of the Superior Court entered in favor of the defendant, Verizon (Verizon or defendant). After reviewing the parties' written and oral arguments, we conclude that cause has not been shown and proceed to decide the appeal at this time. We affirm.

In May 2019, Batac filed a small-claims action in the Third Division District Court against Verizon. He alleged that Verizon failed to maintain the agreement for monthly services, improperly increased his monthly bill, and interrupted services when he failed to tender full payment. Although the record does not reflect the issues

---

[1] The plaintiff names "Verizon" as the defendant in this action. In a prior appeal involving these parties, the defendant asserted that its proper corporate name was "Verizon New England, Inc." *See Batac v. Verizon*, 289 A.3d 173, 173 n.1 (R.I. 2023) (mem.).

or testimony adduced at trial during the small-claims proceeding, on September 10, 2019, a judgment in favor of Verizon was entered in the District Court.

Nearly a year later, on August 5, 2020, plaintiff filed this action in the Superior Court, alleging that Verizon "dictate[d]" the monthly bills and, if not paid in full, Verizon would "interrupt" services. Batac further averred that "Verizon interrupted my service many many times" and contended that Verizon "hack[s]" or "steal[s]" his personal emails. The defendant answered the complaint, and shortly thereafter, filed a motion to stay the pending action and compel arbitration. While the precise timing is unclear, at some point Verizon filed a counterclaim. A justice of the Superior Court granted the motion to stay and directed the action to proceed to arbitration. Batac appealed the trial justice's order to this Court, which, in relevant part, we affirmed. *See Batac v. Verizon*, 289 A.3d 173, 175 (R.I. 2023) (mem.).

On remand, the parties proceeded to arbitration, and, on April 26, 2024, in lieu of a motion for summary judgment, Verizon filed a letter, seeking to dismiss Batac's action on the basis of *res judicata*.[2] Batac filed an objection. The arbitrator

---

[2] We note that in April 2024, Verizon raised the *res judicata* argument in arbitration. It is notable that nearly four years earlier, in August 2020, plaintiff filed this action in the Superior Court, yet Verizon did not respond with a dispositive motion seeking to dismiss the action based upon *res judicata*. While we express no opinion on whether a dispositive motion on *res judicata* grounds would have been successful in the Superior Court, the nearly four-year delay in bringing this issue to the forefront did not "secure the just, speedy, and inexpensive determination of [this] action." Super. R. Civ. P. 1(a).

granted Verizon's request for leave to file a motion for summary judgment and established a schedule for additional briefing. Nonetheless, the parties did not submit further briefing or evidence, but rather relied upon their previous submissions.

After a hearing, on August 5, 2024, the arbitrator determined that *res judicata* barred the pending action, and she granted what she characterized as a motion for summary judgment. In so doing, the arbitrator noted, in part, that the claims in the pending action and the claims in the previous action were identical, and she further observed that plaintiff's opposition letter admitted that "there is an identity of issues in both proceeding[s]." The arbitrator's August 5, 2024 order granted defendant's motion for summary judgment and, significantly, further indicated that "[t]he case will proceed with [Verizon's] counterclaim unless [Verizon] confirms by August 10, 2024 that the counterclaim is withdrawn."

On August 7, 2024, Batac emailed the arbitrator's office (and Verizon's counsel), seeking information concerning the date and time for trial. The following day, August 8, 2024, the arbitrator's office responded. On Friday, August 9, 2024, Batac again emailed the arbitrator's office (but not Verizon's counsel), inquiring whether, in light of the arbitrator's August 5, 2024 decision, it remained necessary for him to appear at "the [e]videntiary [h]earing on August 12, 2024 * * *." It does

not appear that Batac received a response prior to the hearing on Monday, August 12, 2024.

On Monday, August 12, 2024, the arbitration hearing ensued; Batac did not attend. Verizon presented its evidence, and, on August 24, 2024, the arbitrator issued the final award. The arbitrator noted that as of January 1, 2020, the parties had a month-to-month agreement for services and that, beginning in February 2020, and continuing through the August 2024 monthly statement, Batac failed to tender payment in full. The arbitrator granted Verizon's counterclaim in the amount of $6,133.01. The final award incorporated the August 5, 2024 order granting Verizon's motion for summary judgment.

In due course, Verizon filed a motion to confirm the arbitration award, and Batac moved to vacate the award, to which Verizon objected. After hearing the parties' arguments, the trial justice granted Verizon's motion to confirm and denied Batac's motion to vacate. Batac appealed.

"To preserve the integrity and efficacy of arbitration proceedings, judicial review of arbitration awards is extremely limited." *Wiggins v. Pianka*, 247 A.3d 135, 138 (R.I. 2021) (quoting *Lemerise v. Commerce Insurance Company*, 137 A.3d 696, 699 (R.I. 2016)). "It is well settled that 'public policy favors the finality of arbitration awards, and such awards enjoy a presumption of validity.'" *Id.* (quoting *Caffey v. Lees*, 175 A.3d 478, 481 (R.I. 2018)). "We review arbitration awards

- 4 -

'merely to determine whether the arbitrator has resolved the grievance but not to determine whether the arbitrator has resolved the grievance correctly.'" *Id.* at 138-39 (deletion omitted) (quoting *Prospect Chartercare, LLC v. Conklin*, 185 A.3d 538, 544 (R.I. 2018)). "Accordingly, only in cases in which an award is so tainted by impropriety or irrationality that the integrity of the process is compromised should courts intervene." *Id.* at 139 (quoting *Prospect Chartercare, LLC*, 185 A.3d at 544).

The "policy of finality is reflected in the limited grounds that the Legislature has delineated for vacating an arbitration award." *ABC Building Corporation v. Ropolo Family, LLC*, 179 A.3d 701, 705 (R.I. 2018) (quoting *Berkshire Wilton Partners, LLC v. Bilray Demolition Co., Inc.*, 91 A.3d 830, 835 (R.I. 2014)). An arbitration award must be vacated:

> "(1) Where the award was procured by corruption, fraud or undue means.
>
> "(2) Where there was evident partiality or corruption on the part of the arbitrators, or either of them.
>
> "(3) Where the arbitrators were guilty of misconduct * * * in hearing legally immaterial evidence, or refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been substantially prejudiced.
>
> "(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." G.L. 1956 § 10-3-12.

"An arbitration award may also be vacated 'when the arbitrator has manifestly disregarded the law.'" *ABC Building Corporation*, 179 A.3d at 706 (quoting *Berkshire Wilton Partners, LLC*, 91 A.3d at 835). "A manifest disregard of the law requires something beyond and different from a mere error in the law or failure on the part of the arbitrator to understand or apply the law." *Id.* (brackets omitted) (quoting *Berkshire Wilton Partners, LLC*, 91 A.3d at 836-37). "Rather, it 'occurs when an arbitrator understands and correctly articulates the law, but then proceeds to disregard it.'" *Id.* (quoting *Berkshire Wilton Partners, LLC*, 91 A.3d at 837).

Here, in confirming the arbitration award, the trial justice appropriately and diligently reviewed Batac's arguments. Likewise, on appeal, plaintiff remains steadfast that the arbitration award should be vacated because Verizon engaged in fraud and has failed to support its counterclaim. Batac's arguments lack evidentiary support and do not fall within the purview of § 10-3-12. *See ABC Building Corporation*, 179 A.3d at 706 ("[I]f none of the 'narrow conditions' delineated in § 10-3-12—as this Court has interpreted them—are present, and if there has been no manifest disregard of the law, 'the statutory directive is clear: a reviewing justice *must* confirm the award.'") (brackets and deletion omitted) (quoting *Wheeler v. Encompass Insurance Co.*, 66 A.3d 477, 480, 481 (R.I. 2013)).

In this regard, we note that, despite notice, Batac failed to appear at the August 12, 2024 arbitration proceeding, during which Verizon presented evidence on its

- 6 -

counterclaim.  Additionally, although Batac contends that this action should not be barred by the doctrine of *res judicata*, our precedent is clear that "[a] manifest disregard of the law requires something beyond and different from a mere error in the law or failure on the part of the arbitrator to understand or apply the law." *ABC Building Corporation*, 179 A.3d at 706 (brackets omitted) (quoting *Berkshire Wilton Partners, LLC*, 91 A.3d at 836-37).  The plaintiff cannot satisfy this requirement.

For these reasons the order of the Superior Court is affirmed.  The papers in this case are remanded to the Superior Court.

Entered as an Order of this Court this __2nd__ day of ___March___, 2026.

By Order,

*/s/ Meredith A. Benoit*
_____

Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

### ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Arturo P. Batac v. Verizon. | |
| **Case Number** | No. 2025-91-Appeal.<br>(PC 20-5579) | |
| **Date Order Filed** | March 2, 2026 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Joseph McBurney | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Arturo P. Batac, *pro se* | |
| | For Defendant:<br><br>Matthew S. Prunk, Esq. | |

SU-CMS-02B (revised November 2022)